KEKER, VAN NEST & PETERS LLP
AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
ERIC HANSON - # 254570
ehanson@keker.com
STEPHANIE J. GOLDBERG - # 328710
sgoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff SANDISK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS LTD.,<br><br>　　　　　　　　　Defendants. | Case No. 5:25-CV-02389-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date Filed:  March 7, 2025<br><br>Trial Date:  N/A |

Pursuant to the Standing Order for All Judges of the Northern District of California, this Court's March 10, 2025 Case Management Conference Order, Federal Rule of Civil Procedure 16, and Civil L.R. 16-9, Plaintiff Sandisk Corporation ("Sandisk") and Defendants IPValue Management, Inc. ("IPValue") and Longitude Flash Memory Solutions Ltd. ("LFMS") have met and conferred and hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled for June 5, 2025 at 1:00 p.m.

## JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1138(a), and 2201(a). There are no parties remaining to be served and no issues of personal jurisdiction or venue.

**Plaintiff's Statement:** As set forth below, Plaintiff will oppose Defendants' forthcoming motion to dismiss (described in Defendants' statement). Plaintiff filed this action on March 7, 2025, and at that time, Sandisk was not named as a defendant in the case pending in the Central District of California. More than a month later, on April 9, 2025, Defendants IPValue and LFMS amended their complaint in the Central District of California to name Sandisk as a defendant. Sandisk has filed a motion to stay the Central District case because, among other reasons, the Northern District is the more convenient venue for this suit, as the majority of relevant witnesses and evidence are located here. Indeed, IPValue is located in the Northern District, as is Sandisk.[1]

**Defendants' Statement:** Defendants object to this Court proceeding in this case as it is duplicative of an earlier-filed case pending in the Central District of California. Defendants' time to respond to the complaint in this matter has not yet run, but Defendants will file a motion to dismiss, or in the alternative transfer or stay this action in favor of the earlier filed action pending in another Court. Defendants respectfully submit that, as will be explained further in its forthcoming motion, venue is proper in the court where the earlier-filed case is pending.

---

[1] Defendants provided Plaintiff with their edits and separate statements to this joint submission at 10:00 p.m. on the night it is due to be filed. Accordingly, Sandisk was required to prepare and provide responses to those portions of Defendants' statements that present argument with less than two hours before the filing deadline.

# FACTS

**Plaintiff's Statement:**

Plaintiff Sandisk designs, develops, and manufactures flash memory technology. From 2016 until 2025, Sandisk was wholly owned by Western Digital Corporation ("Western Digital"). Sandisk Corporation spun-off from Western Digital in February 2025; Western Digital continues to operate separately. Defendants IPValue and LFMS, collectively, "Defendants," are intellectual property and technology licensing companies.

Defendants previously sought out Western Digital to engage in patent licensing discussions with them. For example, on at least March 26, 2021, and July 1, 2024, IPValue, as the claimed exclusive licensee of certain patents from LFMS, sent Western Digital (of whom Sandisk was a wholly owned subsidiary at those times) correspondence alleging that Western Digital's products infringed certain patents in its patent portfolio. The letters list certain Sandisk products as "Representative Infringing Products."

On January 22, 2025, Defendants brought suit against Western Digital in the United States District Court for the Central District of California, *see* Case No. 8:25-cv-00119 ("Central District Litigation"), alleging infringement of five patents: U.S. Patent No. 8,633,537 ("the '537 patent); U.S. Patent No. 9,929,240 ("the '240 patent); U.S. Patent No. 11,456,365 ("the '365 patent); U.S. Patent No. 6,963,505 ("the '505 patent"); and U.S. Patent No. 7,671,664 ("the '664 patent"); collectively, the "Declaratory Judgment Patents." Sandisk was not originally named as a party to that litigation. That complaint alleges infringement of the Declaratory Judgment Patents by Western Digital's "SSDs, OptiNAND HDDs, USB Flash Drives, Embedded Flash, and Memory Cards containing 3D NAND flash memory, and all versions and variations thereof." The alleged infringing aspects of the products, to the extent they can be deduced from Defendants' infringement assertions, appear to be Sandisk technology—not Western Digital technology. For example, in all the presentations that Defendants provided to Western Digital to allegedly demonstrate infringement, Defendants made clear that the accused functionality resides in the flash memory technology created by Sandisk.

These allegations in the Central District Litigation placed a cloud of infringement over

certain of Sandisk's products and, as a result of these allegations, Sandisk believes that a ripe dispute exists between Defendants and Sandisk. Defendants' failed patent-license negotiations with Western Digital, as well as the Central District Litigation, made it highly likely that Defendants would sue Sandisk for patent infringement of the Declaratory Judgment Patents. Thus, Sandisk brought this declaratory judgment action for non-infringement on March 7, 2025.

On April 9, 2025—the day before Western Digital's response to the complaint was due in the Central District Litigation and after meeting and conferring with Western Digital regarding Western Digital's intention to move to dismiss and move to stay that action in view of this case— Defendants here added Sandisk as a Defendant to the Central District Litigation and otherwise amended their complaint to add limited other details. Sandisk and Western Digital responded to the first amended complaint on May 7, 2025 by filing (1) a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6) and (2) a motion to stay the Central District Litigation pending the outcome of the instant case.[2] These motions remain pending before the Central District and are set for hearing on June 30, 2025.

**Defendants' Statement[3]:**

Defendants note that publicly available records of the Delaware Secretary of State indicate that plaintiff Sandisk Corporation was not incorporated until February 5, 2024. To the extent that "Sandisk" existed as a wholly owned subsidiary of Western Digital Corporation prior to the February 2025 spin-off, as the plaintiff asserts, Defendants do not believe this "Sandisk" was the legal entity that has brought this lawsuit. Western Digital's infringement of Defendants' patents began years before the plaintiff was incorporated, as evidenced by the fact that IPValue sent

---

[2] To the extent Defendants suggest that Sandisk is not a proper plaintiff, this is not a topic that Defendants raised during the parties' Rule 26(f) conference, and the parties have not had the opportunity to discuss Defendants' concerns. In any event, as Defendants know, Sandisk has agreed to accept any potential liability as it relates to [the asserted patents] and Western Digital's flash-memory products that were released under both the Western Digital and Sandisk brands when Sandisk was a subsidiary of Western Digital.

[3] Sandisk provided the Defendants with a draft of this statement near the close of business the day before it was due. As a result, the parties have not had an opportunity to agree on a neutral description of the facts or of certain other portions of this statement. Accordingly, the Defendants do not agree to all of the facts or characterizations of facts in this statement. The initial portion of this statement of facts should be understood to be Sandisk's assertions of facts. A brief statement by Defendants addressing these facts can be found at the end of this section.

1  Western Digital letters accusing it of infringement beginning in 2021.

2      Defendants disagree with Sandisk's assertion that the infringing functionality in the
3  accused products is "Sandisk technology" or "technology created by Sandisk." To the contrary,
4  Sandisk did not exist as a legal entity when the technology was created. The accused products
5  were created and sold by Western Digital and/or its subsidiaries other than the plaintiff. Even
6  following the spin-off transaction in February 2025, at least a portion of the products accused in
7  the Central District Litigation continue to be sold by Western Digital Corporation, not by Sandisk
8  Corporation.

## LEGAL ISSUES

    As of the date of this filing, IPValue and LFMS have not brought any counterclaims because their time to respond to the complaint will not run until after the date currently set for the initial Case Management Conference. Plaintiff states that the only issue in dispute is whether Sandisk is entitled to a declaratory judgment of non-infringement for each patent-in-suit. Defendants state that any assertions as to the scope of legal issues in this matter are premature.

## MOTIONS

    There are currently no pending motions before the Court. Defendants' time to respond to the complaint has not yet run.

**Plaintiff's Statement:**

    Below, Defendants state their intent to file a motion to dismiss in favor of the Central District Litigation. Sandisk will oppose. Sandisk filed this action on March 7, 2025. At that time, Sandisk was not named as a defendant in the Central District Litigation. Defendants amended their complaint in the Central District Litigation on April 9, 2025, more than a month after this action was filed, to add Sandisk as a defendant. But even if the first-to-file rule did apply, an exception to that rule would apply here. As Sandisk has already argued in its motion to stay in the Central District Litigation, the Northern District is the more convenient venue for the claims related to the patents-in-suit, as the majority of relevant witnesses and evidence are located here, and Sandisk and IPValue are both headquartered in the Northern District.

**Defendants' Statement:**

Prior to the scheduled Case Management Conference, Defendants intend to file a motion to dismiss, transfer, or stay this action under the first-to-file rule. The asserted patents and patent-asserting parties are the same in both this case and the Central District Litigation. The accused infringer, accused infringing products, accused infringing sales, and legal issues in this case are a subset of those in the Central District Litigation. As currently constituted, the Central District Litigation is poised to fully resolve the question of both Western Digital and Sandisk's infringement liability, both prior to and after the February 2025 spin-off, which this case may not. Also, the Central District Litigation will resolve all defenses to patent infringement that Sandisk may have, including the defense of patent invalidity. As currently constituted, this case will not.

It makes no sense for this later-filed, duplicative case, addressing only a subset of the issues in the Central District Litigation to proceed. Rather, under the first-to-file rule, which gives priority to the case that was filed first, this case should be dismissed, stayed, or transferred for consolidation with the first-filed action.

### AMENDMENT OF PLEADINGS

Sandisk proposes an amendment deadline for pleadings of January 23, 2026. Defendants respectfully submit that it is premature to set such a deadline until the motion to dismiss, stay, or transfer is resolved.

### EVIDENCE PRESERVATION

The parties have reviewed the Northern District of California's Guidelines Relating to the Discovery of Electronically Stored Information, and met and conferred on May 15, 2025, regarding reasonable and proportional steps taken to preserve evidence. Sandisk has proposed an ESI order to Defendants. Defendants maintain that any order regarding such information is premature given the current posture of this case.

### DISCLOSURES

The parties will exchange initial disclosures on May 29, 2025.

# DISCOVERY

**Plaintiff's Statement:**

Discovery relating to the claims asserted in Sandisk's Complaint commenced on May 15, 2025, following the parties' Rule 26(f) conference. Sandisk will serve requests for production and interrogatories in advance of the case management conference.

Pursuant to Fed. R. Civ. P. 26(f), Sandisk proposes the following discovery plan:

**A.     Fed. R. Civ. P. 26(f)(3)(A).** As noted above, the parties will exchange Initial Disclosures under Fed. R. Civ. P. 26(a) on May 29, 2025. No changes to the form or requirements of Initial Disclosures are required.

**B.     Fed. R. Civ. P. 26(f)(3)(B).** Discovery has commenced. Discovery will likely include, but is not limited to, the issue of the alleged infringement by Sandisk of Defendants' patents. Discovery will be in the form of requests for admissions, interrogatories, requests for production, and depositions. The parties propose deadlines for the close of fact and expert discovery below.

**C.     Fed. R. Civ. P. 26(f)(3)(C).** The parties have conferred regarding the discovery of electronically stored information ("ESI"), including discussion of the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. The parties agree to work together to determine the reasonable limits on the scope of discoverable ESI and the reasonable format of ESI production. The parties are in discussions over a stipulated order regarding discovery of electronically stored information and hard copy documents that covers, among other subjects, the format of ESI production and metadata. The order will also address the process for determining the custodians to be searched, non-custodial sources to be searched, search terms, date ranges, and other search and/or filtering technologies.

**D.     Fed. R. Civ. P. 26(f)(3)(D).** The parties are negotiating procedures to be followed for privilege claims and privilege logs, which will be reflected in the proposed ESI order.

**E.     Fed. R. Civ. P. 26(f)(3)(E).** The parties agree to the limitations of discovery imposed under the Federal Rules of Civil Procedure and the Local Rules, including the Patent Local Rules.

**F.     Fed. R. Civ. P. 26(f)(3)(F).**  The parties plan to negotiate a Stipulated Protective Order that they will submit to the Court.

**Defendants' Statement:**

Defendants respectfully submit that discovery in this action, which is not the first-filed action regarding the claims at issue is premature and should be stayed pending the resolution of Defendants' motion to dismiss, transfer or stay.

## CLASS ACTIONS

This is not a class action.

## RELATED CASES

Plaintiff Sandisk Corporation notified the Court of the following case in its Notice of Pendency of Other Action or Proceeding, *see* ECF No. 5: *IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd. v. Western Digital Corporation and Sandisk Corporation*, Case No: 8:25-cv-00119-MWF (DFMx), currently pending in the United States District Court for the Central District of California.

**Plaintiff's Statement:**

The above-referenced Central District Litigation was filed in January 2025, only naming Western Digital Corporation as a Defendant.  Sandisk was not a party to that action, and thus filed the instant action in March 2025 seeking a declaration of non-infringement.  More than a month later, Defendants in this action amended their complaint in the Central District Litigation to add Sandisk as a defendant.  Sandisk has moved to stay the Central District Litigation.

**Defendants' Statement:**

As noted previously, the Central District Litigation includes the parties in this case and every asserted patent and issue presented in this case.

## RELIEF

Sandisk seeks a declaration of non-infringement as to the patents-in-suit.  While Sandisk does not seek damages, Sandisk should be awarded its reasonable costs and expenses of litigation, including attorneys' fees, pursuant to 35 U.S.C. § 285.

Defendants believe that this case should be dismissed, stayed, or transferred and do not

seek substantive relief at this time. Should Defendants be required to answer and/or counterclaim in this action, they may seek appropriate relief at that time.

## SETTLEMENT AND ADR

The parties have indicated that they would both prefer to discuss ADR selection with the Assigned Judge at the case management conference. Prior discussions to resolve this dispute were not fruitful. The parties believe that additional discovery and disclosures could facilitate more fruitful settlement negotiations.

## OTHER REFERENCES

The parties do not believe that this matter is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

To the extent this action proceeds to trial, the parties will attempt to reach agreement on matters that will expedite the presentation of evidence , including stipulations of fact, and the authenticity and admissibility of documents.

## SCHEDULING

**Plaintiff's Proposal:**

| Event | Deadline |
|---|---|
| Initial Disclosures | May 29, 2025 |
| Initial Case Management Conference | June 5, 2025 |
| Defendants' Response to Complaint | June 9, 2025 |
| Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure | June 20, 2025 |
| Claim Construction - ID terms | August 18, 2025 |
| Claim Construction - Preliminary Construction | September 8, 2025 |
| Claim Construction - Joint Chart and Prehearing Statement | October 3, 2025 |
| Claim Construction - Opening Brief | November 17, 2025 |
| Claim Construction - Responsive Brief | December 1, 2025 |
| Claim Construction - Reply Brief | December 8, 2025 |
| Markman Tutorial | January 14, 2026 |

| | |
|---|---|
| Markman Hearing | January 21, 2026 at 10:00 a.m. |
| PLR 3-7 - Advice of Counsel | TBD (30 days after claim construction ruling) |
| Deadline to Amend Pleadings | January 23, 2026 |
| Substantial Completion of Document Production | February 26, 2026 |
| Close of Fact Discovery | April 9, 2026 |
| Expert Opening Reports | May 14, 2026 |
| Expert Rebuttal Reports | June 25, 2026 |
| Close of Expert Discovery | July 16, 2026 |
| Dispositive Motions/Daubert Motions | August 13, 2026 |
| Dispositive Motions/Daubert Oppositions | September 10, 2026 |
| Dispositive Motions/Daubert Replies | September 24, 2026 |
| Dispositive Motions/Daubert Hearing | October 15, 2026 at 10:00 a.m. |
| Pre-trial Filings | January 25, 2027 |
| Pre-trial Conference | February 8, 2027 |
| Trial | February 22, 2027 |

**Defendants' Statement:**

Plaintiff only provided its proposed schedule near the close of business the day before this filing was due, and Defendants have not had sufficient time to provide a response in detail. However, Defendants believe that setting a full case schedule is premature before the Court has decided their motion to dismiss, transfer, or stay. In particular, Defendants believe that disclosures of contentions and claim construction positions should proceed in the first-filed case and not be duplicated in this Court. Accordingly, Defendants ask that the Court not set deadlines for infringement contentions or claim construction until after Defendants' motion to dismiss, stay, or transfer is decided.

**TRIAL**

Sandisk proposes that trial begin on February 22, 2027, and be set for five days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Sandisk filed its Federal Rule of Civil Procedure 7.1 Disclosure Statement and Civil Local Rule 3-15 Certification of Interested Entities or Persons on March 7, 2025. ECF No. 5. Sandisk identified that Sandisk Corporation is a publicly traded company under the stock ticker SNDK. Pursuant to Federal Rule of Civil Procedure 7.1, Sandisk certifies that Western Digital Corporation owns 10 percent or more of the stock of Sandisk Corporation. Pursuant to Civil L.R. 3-15, Sandisk certifies that there is no conflict or interest (other than the named parties) to report as of this date.

Defendants will file their Federal Rule of Civil Procedure 7.1 Disclosure Statement and Civil Local Rule 3-15 Certification of Interested Entities or Persons shortly. Defendants IPValue Management, Inc., and Longitude Flash Memory Solutions Ltd., certify that IPValue Management, Inc.'s parent entity is IPValue Management Group, LLC, that Longitude Flash Memory Solutions Ltd.'s parent entity is Meridian IP Ireland Ltd., and that no publicly held corporation owns 10 percent or more of the interest in either defendant. Pursuant to Civil L.R. 3-15, Defendants certify that there is no conflict or interest (other than the named parties) to report as of this date.

## PROFESSIONAL CONDUCT

Counsel for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## OTHER

The parties have no other matters to raise with the Court at this juncture.

| | | |
|---|---|---|
| Dated: May 22, 2025 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ *Ajay S. Krishnan* |
| | | AJAY S. KRISHNAN |
| | | RYAN K. WONG |
| | | ERIN E. MEYER |
| | | ERIC HANSON |
| | | STEPHANIE J. GOLDBERG |
| | | Attorneys for Plaintiff SANDISK CORPORATION |
| Dated: May 22, 2025 | | RUSS, AUGUST & KABAT |
| | By: | /s/ *Brian D. Ledahl* |
| | | BRIAN D. LEDAHL |
| | | NEIL A. RUBIN |
| | | Attorneys for Defendants IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS LTD. |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Dated: May 22, 2025

/s/ *Ajay S. Krishnan*
Ajay S. Krishnan