Brian Ledahl (CA SBN 186579)
bledahl@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

*Attorneys for Defendants*
*IPValue Management, Inc. and Longitude Flash*
*Memory Solutions Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SANDISK CORPORATION,<br><br>   Plaintiff,<br><br> v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS LTD.,<br><br>   Defendants. | Case No. 5:25-cv-02389-PCP<br><br>**DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE**<br><br>Hon. P. Casey Pitts<br>Courtroom 8<br><br>Date: July 31, 2025<br>Time: 10:00 am |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 31, 2025 at 10:00 a.m., or as soon as the matter may be heard, before the Honorable P. Casey Pitts, at Courtroom 8 of the Robert F. Peckham Courthouse, 280 South First Street, San José, California 95113, Defendants IPValue Management, Inc. and Longitude Flash Memory Solutions Ltd. (collectively, "IPValue") will and hereby do move to dismiss, stay, or transfer the above-captioned action under the first-to-file rule.

This declaratory judgment action, filed on March 7, 2025, is duplicative of an earlier-filed patent infringement suit filed by IPValue in the Central District of California, *IPValue Mgmt., Inc. and Longitude Flash Memory Sols. Ltd. v. Western Digital Corp. and Sandisk Corp.*, No. 8:25-cv-00119-MWF-DFM ("CDCal Action"). DJ Plaintiff Sandisk Corporation ("Sandisk"), a spin-off of Western Digital Corporation ("Western Digital") that operates Western Digital's flash memory business, seeks a declaratory judgment of non-infringement of the same five patents asserted against it (and Western Digital) in the CDCal Action, and with respect to the same accused products. Indeed, Sandisk's complaint expressly references the first-filed CDCal Action, asserts that the infringing aspects of the products accused in the CDCal Action "appear to be Sandisk technology—not Western Digital technology," and requests a declaratory judgment of non-infringement with respect to the patents and products identified in IPValue's complaint. Dkt. 1 ¶ 18 & p.11. Therefore, this case presents a subset of the parties, patents, accused products, and legal issues at issue in the CDCal Action, and this duplicative, second-filed DJ action should be dismissed, transferred to the Central District of California, or stayed under the first-to-file rule.

The motion is based upon this notice of motion and the accompanying memorandum of points and authorities, the declaration of Brian Ledahl and exhibits attached thereto, the papers and records on file in this matter, including Sandisk's complaint, the papers and records on file in the CDCal Action, matters the Court may judicially notice, and such other matters as may properly come before the Court.

DATED: May 29, 2025

RUSS AUGUST & KABAT
Brian D. Ledahl
Neil A. Rubin

By: /s/ *Brian Ledahl*
    Brian Ledahl

Attorneys for Defendants
IPValue Management, Inc. and
Longitude Flash Memory Solutions, LLC

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:25-cv-02389-PCP

2

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 2

    A. The First-Filed CDCal Action.................................................................................. 2

    B. Sandisk's Second-Filed Duplicative Declaratory Judgment Action ........................ 3

III. LEGAL STANDARD........................................................................................................... 4

IV. ARGUMENT ........................................................................................................................ 5

    A. The Chronology of the Two Actions: The CDCal Action Was Filed Over a Month Before This Action................................................................................................... 5

    B. The Similarity of the Parties: The Two Actions Involve the Same Parties ............. 6

    C. The Similarity of the Issues: The Two Actions Involve the Same Patents and Accused Products and Thus Present Identical Issues............................................... 7

    D. The Exceptions to the First-to-File Rule Are Inapplicable ..................................... 8

        1. Sandisk's convenience arguments are procedurally improper and also fail on the merits. ...................................................................................... 8

        2. The customer-suit exception is inapplicable. ................................. 9

    E. The Court Should Dismiss, Transfer, or Stay This Duplicative DJ Action ........... 11

V. CONCLUSION................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aqua Connect, Inc. v. SHI Int'l Corp.*,
  No. CV 19-05662-AB (JPR), 2019 WL 8883452, (C.D. Cal. Dec. 16, 2019) ............................ 7

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) .................................................................................................................. 4

*Betty's Best, Inc. v. Facebook Advertisers Listed on Schedule A*, No. 23-CV-04716-JSC,
  2024 WL 1221946 (N.D. Cal. Mar. 20, 2024) ........................................................................... 6

*Cisco Sys., Inc. v. TiVo, Inc.*,
  No. C 12-02766 RS, 2012 WL 3279532 (N.D. Cal. Aug. 10, 2012) ................................ 4, 5, 11

*EMC Corp. v. Bright Response, LLC*,
  No. C-12-2841 EMC, 2012 WL 4097707 (N.D. Cal. Sept. 17, 2012) ....................................... 8

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
  737 F.3d 704 (Fed. Cir. 2013) .................................................................................................... 5

*Kahn v. Gen. Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989) ............................................................................................. 9, 10

*Microchip Tech., Inc. v. United Module Corp.*,
  No. CV-10-04241-LHK, 2011 WL 2669627 (N.D. Cal. July 7, 2011) ........................... 7, 8, 11

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
  518 F.3d 897 (Fed. Cir. 2008) .................................................................................................... 9

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ........................................................................................................ 4

*Panasonic Entertainment & Commc'n Co., Ltd. v. Optimum Imaging Techs. LLC*,
  No. 24-cv-02466-TLT, Dkt. 47 (N.D. Cal. Sept. 23, 2024) ....................................................... 8

*Renesas Elecs. Am. Inc. v. Monterey Rsch., LLC*,
  No. 24-CV-06223-JSC, 2024 WL 5077109 (N.D. Cal. Dec. 10, 2024) ................................ 5, 7

*SMIC, Americas v. Innovative Foundry Techs. LLC*,
  473 F. Supp. 3d 1021 (N.D. Cal. 2020) .............................................................................*passim*

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) .................................................................................................................... 4

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................................ 3

28 U.S.C. § 2201(a) ........................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 15(c)(1)(C)(ii) ......................................................................................................... 6

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.      INTRODUCTION**

This declaratory judgment action is duplicative of an earlier-filed case in the Central District of California and should be dismissed, transferred, or stayed under the first-to-file rule.

The relevant facts are straightforward. On January 22, 2025, several weeks before DJ plaintiff Sandisk Corporation ("Sandisk") filed the complaint in this case, Defendants IPValue Management, Inc. and Longitude Flash Memory Solutions Ltd. filed a patent infringement suit against Western Digital Corporation ("Western Digital") in the Central District of California. *IPValue Mgmt., Inc. and Longitude Flash Memory Sols. Ltd. v. Western Digital Corp. and Sandisk Corp.*, No. 8:25-cv-00119-MWF-DFM ("CDCal Action"). At the time, Sandisk was a wholly-owned subsidiary of Western Digital, having been incorporated in Delaware on February 5, 2024. *See* Ex. 3. A month after the CDCal Action was filed, on February 21, 2025, Sandisk separated from Western Digital in a "spin-off" transaction. Sandisk is now an independent company—though still partially owned by Western Digital (Dkt. 4 at 2)—that operates Western Digital's flash memory business and sells certain products that were originally developed by Western Digital.

Rather than seek to join IPValue's already-pending lawsuit against Western Digital, Sandisk filed a new action seeking a declaratory judgment of non-infringement with respect to the *same five patents* asserted in the first-filed CDCal Action, and with respect to a subset of the *same accused products*. IPValue promptly amended its complaint in CDCal to add Sandisk as a named defendant. So now there are two active cases concerning the same patents, many of the same products, and many of the same parties. It simply makes no sense for two different courts to decide the exact same issues in parallel. The first-to-file rule, which gives priority to the case that was filed first (here, the CDCal Action), exists to prevent this very situation. Federal Circuit law also holds that a second-filed DJ action should be stayed, dismissed, or transferred to the forum of the first-filed infringement action. To promote judicial efficiency and avoid the risk of inconsistent rulings, the Court should dismiss, stay, or transfer this case for consolidation with the first-filed CDCal Action.

## II. BACKGROUND

### A. The First-Filed CDCal Action

On January 22, 2025, IPValue Management, Inc. and Longitude Flash Memory Solutions Ltd. (collectively, "IPValue") filed a patent infringement complaint against Western Digital in the Central District of California. *IPValue Mgmt., Inc. and Longitude Flash Memory Sols. Ltd. v. Western Digital Corp. and Sandisk Corp.*, No. 8:25-cv-00119-MWF-DFM, Dkt. 1 (C.D. Cal. Jan. 22, 2025) (attached as Ex. 1). The original complaint in the CDCal Action alleged that Western Digital infringes the following patents that generally relate to computer flash memory and storage devices: United States Patent Nos. 8,633,537 ("'537 patent"), 9,929,240 ("'240 patent"), 11,456,365 ("'365 patent"), 6,963,505 ("'505 patent"), and 7,671,664 ("'664 patent"). *Id.* The complaint identifies the accused products to include Western Digital's "SSDs, OptiNAND HDDs, USB Flash Drives, Embedded Flash, and Memory Cards containing 3D NAND flash memory." *Id.* ¶ 19, 35, 49, 64, 76. The complaint also references certain notice letters and pre-suit communications notifying Western Digital of its infringement of IPValue's patents. *Id.* ¶¶ 12–15.

At the time IPValue filed its CDCal complaint, Sandisk was a wholly-owned subsidiary of Western Digital. Indeed, Sandisk's complaint in this case refers to Western Digital as "Sandisk's former corporate parent" and states that during IPValue's and Western Digital's pre-suit licensing discussions, "Sandisk was a wholly owned subsidiary." Dkt. 1 ¶ 16, 19.[1] However, in late February 2025, Sandisk separated from Western Digital in a "spin-off" transaction. *See* Ex. 4. Sandisk now owns and operates Western Digital's flash memory business as an independent company. *Id.*

On April 9, 2025, before Western Digital answered and promptly after Sandisk filed this duplicative DJ action (discussed below), IPValue filed a first amended complaint (FAC) adding Sandisk as a named defendant. CDCal Action, Dkt. 24 (attached as Ex. 2). IPValue's FAC is substantially similar to its original complaint in all other relevant respects—it asserts the same five patents against the same accused products (SSDs, OptiNAND HDDs, USB Flash Drives, Embedded Flash, and Memory Cards containing 3D NAND flash memory)—but against both

---

[1] As noted above, Sandisk was incorporated in Delaware on February 5, 2024 (Ex. 3), and thus did not exist as a legal entity during the earliest pre-suit licensing discussions or when the alleged infringement began.

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:25-cv-02389-PCP

2

Western Digital and Sandisk. *Id.* ¶¶ 21, 37, 51, 66, 82.

On May 7, 2025, Western Digital and Sandisk filed a Rule 12(b)(6) motion to dismiss the FAC. CDCal Action, Dkt. 30 (corrected at Dkt. 33). The same day, Western Digital and Sandisk filed a motion to stay the CDCal Action pending resolution of *this* case. CDCal Action, Dkt. 32. In their motion, Western Digital and Sandisk admit that the CDCal Action was filed first, and admit that "[b]oth this case [the CDCal Action] and the parallel action [this case] involve overlapping parties, the same patents, and the same accused technologies (namely, products containing certain of Sandisk's flash-memory technology." *Id.* at 1. Western Digital and Sandisk argue, however, that this case should nonetheless "take priority because the Northern District is the more convenient venue." *Id.* at 2. They have not, however, filed a motion to transfer under 28 U.S.C. § 1404(a).

IPValue will oppose both of these motions in the CDCal Action.

**B.      Sandisk's Second-Filed Duplicative Declaratory Judgment Action**

On March 7, 2025, Sandisk filed the instant declaratory judgment action against IPValue. Dkt. 1. Sandisk's DJ complaint seeks a declaration of non-infringement of the *same five patents* asserted by IPValue against Sandisk and its former parent Western Digital in the CDCal Action, and with respect to only a subset of the *same accused products*.[2] Indeed, Sandisk's complaint expressly mentions and refers to the CDCal Action as a purported basis for declaratory judgment jurisdiction. *Id.* ¶¶ 18–19. Sandisk's complaint identifies the same products accused in the CDCal Action, and further alleges that the "infringing aspects of the products, to the extent they can be deduced from [IPValue's] infringement assertions, appear to be Sandisk technology—not Western Digital technology." *Id.* ¶ 18. In other words, Sandisk essentially admits that IPValue's infringement claims against Western Digital have always implicated Sandisk and its products.

Sandisk also admits that it filed this DJ case to preempt IPValue's infringement claims. Sandisk's complaint references the same notice letters and licensing discussions between IPValue

---

[2] Sandisk's position appears to be that the products at issue in the two cases are identical, but there are reasons to suspect that some products at issue in the CDCal Action are not properly at issue in this case. For example, it is not clear that Sandisk is liable for Western Digital's infringing sales before Sandisk was even incorporated or that it is liable for products that Western Digital continues to sell after the spin-off.

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:25-cv-02389-PCP

and Western Digital that are discussed in IPValue's CDCal complaint. *Id.* ¶ 16. According to Sandisk, these "patent-license negotiations with Western Digital, as well as Defendants' existing lawsuit against Sandisk's former corporate parent, make it highly likely that Defendants will sue Sandisk for patent infringement of the Declaratory Judgment Patents." *Id.* ¶ 19. But rather than seek to join the already pending lawsuit between IPValue and Western Digital, Sandisk preemptively filed this duplicative DJ action.

It is thus clear that there is complete overlap in the issues, as this case involves the same parties, patents, and products as the CDCal Action. Sandisk also relies on the same communications that serve as the basis for pre-suit notice of infringement in the CDCal Action, as well as the CDCal Action itself, as the basis for DJ jurisdiction here. Western Digital's and Sandisk's motion to stay the CDCal Action also expressly acknowledges this complete overlap in the issues[3] and that the CDCal Action was filed first, but requests the CDCal court to apply an exception to the first-to-file rule to allow this second-filed case to proceed first. As set forth below, these arguments are without merit and should be rejected.

## III.   LEGAL STANDARD

"The Declaratory Judgment Act permits courts the discretion to decline jurisdiction over declaratory judgment claims." *Cisco Sys., Inc. v. TiVo, Inc.*, No. C 12-02766 RS, 2012 WL 3279532, at *3 (N.D. Cal. Aug. 10, 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)); *see also* 28 U.S.C. § 2201(a). "Courts routinely do so under the 'first-to-file' rule, the 'generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Cisco*, 2012 WL 3279532, at *3 (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)).

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Renesas*

---

[3] As noted above, there may not be complete overlap in the issues, but at the very least the issues in this case are a subset of the issues in the CDCal Action and would be expected to be fully resolved in that action.

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:25-cv-02389-PCP

*Elecs. Am. Inc. v. Monterey Rsch., LLC*, No. 24-CV-06223-JSC, 2024 WL 5077109, at *2 (N.D. Cal. Dec. 10, 2024) (citing *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013)). "The rule 'exists to avoid conflicting decisions and promote judicial efficiency.'" *Id.* And while certain exceptions exist, "there must be sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.* The first-to-file rule "should not be disregarded lightly." *Cisco*, 2012 WL 3279532, at *3.

In determining whether to apply the first-to-file rule, courts consider three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Renesas*, 2024 WL 5077109, at *2. If these requirements are met, "the court has the discretion to transfer, stay, or dismiss the second-filed action." *Id.*

## IV.    ARGUMENT

All three requirements for applying the first-to-file rule are met here. First, the CDCal Action was filed over a month before this DJ action. Second, all parties in this DJ action are party to the first-filed CDCal Action. Third, the cases present identical issues, as they concern the same five asserted patents and accused products. None of the exceptions apply. The CDCal Action thus takes precedence, and the Court should dismiss, stay, or transfer this duplicative DJ action.

### A.    The Chronology of the Two Actions: The CDCal Action Was Filed Over a Month Before This Action

"The first factor in assessing whether relief is warranted under the first-to-file rule requires an assessment of the chronology of the two actions." *SMIC, Americas v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1024 (N.D. Cal. 2020). This case was filed in March 2025, whereas the CDCal Action was filed over a month earlier in January 2025. Accordingly, there can be no legitimate dispute that the CDCal Action is the first-filed action.

Sandisk may try to argue that the CDCal Action is not the first-filed action because it was not added as a defendant until after this case was filed. This argument fails, however, as the "filing of a complaint triggers the first-filed rule, regardless of whether the plaintiff later amends the complaint." *Id.* at 1025 (rejecting plaintiffs' argument to avoid application of the first-to-file rule merely because they were not initially named as defendants in the earlier-filed action).

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:25-cv-02389-PCP

5

Even if this Court were to follow the other line of cases requiring that the amended complaint relate back to the original complaint, the CDCal Action is still the first-filed action. *See id.* (discussing alternate relation back analysis and finding the result would be the same). An amended pleading that adds a party relates back to the original pleading where the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.*; Fed. R. Civ. P. 15(c)(1)(C)(ii). This is easily met here.

Sandisk cannot legitimately dispute that it knew or should have known that IPValue would seek to add it as a defendant after the spinoff transaction was completed. Sandisk's DJ complaint makes clear that it was aware of IPValue's pre-suit licensing discussions with Western Digital, and that the functionalities IPValue has accused of infringement "appear to be Sandisk technology—not Western Digital technology." Dkt. 1 ¶¶ 16–19; *see also* CDCal Action, Dkt. 32 at 3 (Sandisk alleging that "Flash-storage products that were sold under the Western Digital brand name merely incorporated Sandisk's flash memory into Western Digital's end products"). Indeed, those pre-suit discussions and IPValue's initial complaint against Western Digital are what triggered Sandisk to file this DJ action in the first place. *Id.* ¶ 19.

In addition, IPValue's original complaint asserts that the infringing activity was committed by Western Digital "directly and through subsidiaries or intermediaries," and Sandisk was a wholly-owned subsidiary of Western Digital at the time it was filed. CDCal Action, Dkt. 1 ¶ 9. The Court in *SMIC* found that similar allegations put the later-added subsidiaries on notice of the claims. 473 F. Supp. 3d at 1026. IPValue's FAC thus relates back to the original complaint, and the CDCal Action meets the threshold "chronology of the lawsuits" requirement under either analysis.

**B.     The Similarity of the Parties: The Two Actions Involve the Same Parties**

The "similarity of the parties" element is also met, as all three parties to this action (IPValue, Longitude Flash Memory Solutions, and Sandisk) are parties to the first-filed CDCal Action. That Western Digital is not a party to this action is inconsequential. "[T]he first-to-file rule does not require exact identity of the parties," it only requires substantial similarity. *Betty's Best, Inc. v. Facebook Advertisers Listed on Schedule A*, No. 23-CV-04716-JSC, 2024 WL 1221946, at *2 (N.D. Cal. Mar. 20, 2024) (citing *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d

1237 (9th Cir. 2015)).

For example, in *Renesas*, the court found this factor was satisfied where the patentee was the only overlapping party, the DJ plaintiff was a subsidiary of a defendant in the first-filed Texas action (who was not a party in the DJ action), and the first-filed Texas action also involved two additional defendants not party to the DJ action. 2024 WL 5077109, at *3; *see also SMIC*, 473 F. Supp. 3d at 1023 (finding substantial similarity where, among other differences, the parent SMIC entity was named as a defendant in the Texas action but was not a plaintiff in the DJ action); *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *4 (N.D. Cal. July 7, 2011) (finding the parties were substantially similar "although the Texas Case includes far more entities that have been accused of patent infringement," and further noting that one of the DJ plaintiffs was a wholly-owned subsidiary of a defendant in the Texas action); *Aqua Connect, Inc. v. SHI Int'l Corp.*, No. CV 19-05662-AB (JPR), 2019 WL 8883452, at *3 (C.D. Cal. Dec. 16, 2019) ("if the parties are not identical in the two related actions, they are 'substantially similar' under the first-to-file rule if they represent the same interests," such as in a parent-subsidiary corporate relationship).

There is far more overlap in the parties here than in the foregoing *SMIC*, *Renesas*, and *Microchip* cases. Accordingly, the parties are sufficiently similar and the second requirement of the first-to-file rule analysis is met.

### C. The Similarity of the Issues: The Two Actions Involve the Same Patents and Accused Products and Thus Present Identical Issues

The issues presented by Sandisk's DJ complaint in this case and IPValue's patent infringement complaint in the CDCal Action are not just substantially similar—they are identical. This case involves the same five asserted patents and the same accused flash memory technology. *Compare* Dkt. 1 ¶¶ 1, 18–19, 21–30, & Demand for Relief at p. 11, *with* Ex. 2 ¶¶ 1, 4, 21, 37, 51, 66, 82. Indeed, Sandisk's complaint expressly mentions and refers to the CDCal Action, and relies on the same pre-suit discussions between IPValue and Western Digital that led to IPValue's initiation of the CDCal Action and that form the basis of IPValue's willfulness claims. Dkt. 1 ¶¶ 6, 16–20; Ex. 2 ¶¶ 13–17; *see Microchip*, 2011 WL 2669627, at *3 (finding the two actions "involve

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:25-cv-02389-PCP

mirror image issues" where the DJ plaintiffs sought a declaratory judgment of non-infringement and invalidity with respect to the same patents asserted in the first-filed case); *Panasonic Entertainment & Commc'n Co., Ltd. v. Optimum Imaging Techs. LLC*, No. 24-cv-02466-TLT, Dkt. 47 at 7 (N.D. Cal. Sept. 23, 2024) ("the issues are not only the same, but identical" where "both cases involve the patent infringement of the same four … patents").

Sandisk does not dispute that the cases present the same issues. In its motion to stay the CDCal Action, Sandisk and Western Digital assert that "both cases involve the same patents, the same accused technologies, and overlapping parties." CDCal Action, Dkt. 32 at 8. Accordingly, the third and final requirement of the first-to-file analysis is met.

### D.     The Exceptions to the First-to-File Rule Are Inapplicable

Neither of the first-to-rule's exceptions asserted by Sandisk in the CDCal Action apply here.

#### 1.     Sandisk's convenience arguments are procedurally improper and also fail on the merits.

First, Sandisk argues that this duplicative DJ action should take priority because the Northern District is more convenient. As an initial matter, "this convenience argument should be addressed to the court in the first-filed action, not the court in the later-filed action." *Microchip*, 2011 WL 2669627, at *7; *see also SMIC*, 473 F. Supp. 3d at 1027 (issues regarding the convenience factors "more suitable in a motion to transfer venue in the [first-filed] Texas Litigation"); *EMC Corp. v. Bright Response, LLC*, No. C-12-2841 EMC, 2012 WL 4097707, at *3 (N.D. Cal. Sept. 17, 2012) ("Insofar as EMC contends that the balance of convenience factors weighs in favor of departing from the application of the first-to-file rule, the court finds that this determination should be made by the Texas court, as the court in which the first action was filed. … [F]or this Court to issue a ruling would risk inconsistent results, exactly the outcome to be avoided by the [first-to-file] rule in the first place.") (cleaned up).

Accordingly, to the extent Sandisk asserts this exception in its forthcoming opposition to this motion, the Court should reject it. Sandisk should file a motion to *transfer* in the CDCal Action and let that first-filed court decide venue issues. Instead, Sandisk has improperly attempted to

circumvent its burden of proof on a § 1404(a) motion to transfer by asserting surface-level convenience arguments in a motion to stay.

In any event, if the Court is inclined to weigh the relative convenience of the two forums, Sandisk's superficial analysis of the § 1404(a) factors fails to establish that this District is a more convenient forum, for reasons that IPValue will set forth in its forthcoming brief opposing Sandisk's motion to stay the CDCal Action. Further, even if convenience marginally favors the NDCal, these considerations are negated by the clear anticipatory nature of Sandisk's DJ complaint. *See Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) ("A district court may consider a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory action."). Sandisk's DJ complaint expressly admits that Sandisk was aware IPValue would file a patent infringement suit against it after the spin-off, since the accused Western Digital products use Sandisk technology. Dkt. 1 ¶ 19. But rather than seek to join this case, Sandisk raced to the courthouse to preempt IPValue's impending suit in order to secure Sandisk's preferred forum. This further supports application of the first-to-file rule to dismiss this anticipatory DJ action.

### 2.    The customer-suit exception is inapplicable.

"The customer-suit exception applies in patent litigation where the earlier action is an infringement suit against a manufacturer's customers, and the later suit is a declaratory judgment action brought by the manufacturer of the accused products." *SMIC*, 473 F. Supp. 3d at 1027. Sandisk asserts that this exception applies because, after the spinoff, Western Digital is "now Sandisk's customer." CDCal Action, Dkt. 32 at 14. Even if true, this fails. Western Digital was not a mere reseller at the time IPValue filed its complaint, but was Sandisk's *corporate parent* through February 2025. Indeed, prior to February 5, 2024, Sandisk did not even exist. Ex. 3. Therefore, Western Digital was effectively the "manufacturer" for all accused infringing activity through February 2025, and IPValue properly initiated suit against Western Digital as the party with the "greater interest in defending its actions against charges of patent infringement." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

When it became clear that Sandisk formally separated from Western Digital and took over Western Digital's flash memory business, IPValue amended its complaint as of right to add Sandisk as a defendant. There is thus no need to apply the customer-suit exception here, as the first-filed CDCal Action will resolve the issues against *both* "manufacturer" and "customer" for all infringing activity both that occurred before and after the spin-off. This case, on the other hand, may not fully resolve the dispute between Western Digital and IPValue, including with respect to damages issues. Indeed, Sandisk and Western Digital expressly acknowledged in their motion to stay the CDCal Action that staying that case would result in a "delay in receiving monetary damages from Western Digital." CDCal Action, Dkt. 32 at 13.

This case also may not resolve IPValue's willful infringement claims, since the pre-suit discussions were between IPValue and Western Digital, not Sandisk. *See Kahn*, 889 F.2d at 1081 (explaining that "in those cases in which a customer suit exception has been held to favor the forum of the second-filed action, the second action would resolve all charges against the customers in the stayed suit," and that "damages against General Motors can not be assessed in the Illinois court, not only because General Motors is not a party, but because the measure of General Motors' obligation for damages and Motorola's (if any) involve different parameters").

That Sandisk has agreed to indemnify Western Digital "for pre-spin-off liability" (CDCal Action, Dkt. 32 at 14) is inconsequential. Sandisk did not actually produce the "indemnification" agreement, but instead submitted a declaration from a Western Digital employee vaguely stating: "I understand that Sandisk has agreed to accept liability for this action as it relates to Western Digital's flash-memory products that were released under both the Western Digital and Sandisk brands when Sandisk was a subsidiary of Western Digital." CDCal Action, Dkt. 32-1 (Declaration of Karin Werder) ¶ 7. Without the actual agreement, neither IPValue nor the Court can determine the scope of Sandisk's purported indemnification.

In any event, it would be far more efficient to proceed against both Sandisk and Western Digital—who originally developed the accused products and who owned and controlled Sandisk until very recently—at the same time in the same proceeding, rather than potentially force multiple

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:25-cv-02389-PCP

10

serial litigations. This would not only ensure that the parties' disputes are fully resolved, but would also facilitate discovery. The first-filed CDCal Action should take priority.

### E. The Court Should Dismiss, Transfer, or Stay This Duplicative DJ Action

The Court should exercise its wide discretion under the Declaratory Judgment Act and dismiss Sandisk's complaint. *See Cisco*, 2012 WL 3279532, at *3; *SMIC*, 473 F. Supp. 3d at 1028. Sandisk would suffer no prejudice from dismissal, as it is already a party to the CDCal Action, which covers the same issues as Sandisk's DJ complaint. Sandisk can thus assert the same claims and defenses in the CDCal Action as it has asserted here.

Alternatively, the Court should transfer this case to CDCal for consolidation with the CDCal Action, or stay this case pending resolution of the CDCal Action. This would promote judicial efficiency and avoid the risk of inconsistent decisions that would arise from multiple litigations of identical claims. *See Microchip*, 2011 WL 2669627, at *6 (explaining that "continuing this action on a parallel track as the Texas Case, whereby both this Court and the Texas Court would have to construe the claims and issue decisions regarding infringement and invalidity of the same three patents, 'would unavoidably result in unnecessary duplication of judicial efforts, with a resulting risk of inconsistent results as the actions progress in each Court,'" and concluding that "the risk of inconsistent judgments and waste of judicial resources must outweigh the equitable concern' of the parties' limited connections to Texas").

It simply makes no sense to have two different courts decide the exact same issues. And since the CDCal Action is the first-filed case, the CDCal court should resolve this patent infringement dispute and any related venue issues.

### V. CONCLUSION

For the foregoing reasons, the Court should either dismiss this action outright, transfer this action to CDCal for possible consolidation with the CDCal Action, or stay this action pending resolution of IPValue's claims against Sandisk and Western Digital in the CDCal Action.

Dated: May 29, 2025

Respectfully submitted,

/s/ *Brian Ledahl*
Brian Ledahl (CA SBN 186579)
bledahl@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

***Attorneys for Attorneys for Defendants IPValue Management, Inc. and Longitude Flash Memory Solutions, LLC***

**CERTIFICATE OF SERVICE**

I certify that on May 29, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Brian Ledahl*
Brian Ledahl