**RUSS AUGUST & KABAT**
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Defendants
*IPValue Management, Inc. and*
*Longitude Flash Memory Solutions*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION<br><br>    Plaintiff,<br><br>    v.<br><br>IPVALUE MANAGEMENT, INC. AND LONGITUDE FLASH MEMORY SOLUTIONS LTD.,<br><br>    Defendant. | Case No. 5:25-cv-02389-PCP<br><br>**DEFENDANTS' IPVALUE MANAGEMENT INC. AND LONGITUDE FLASH MEMORY SOLUTIONS LTD. ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. P. Casey Pitts |

Pursuant to Civil Local Rule 7-11, and Your Honor's Standing Order for Civil Cases, Defendants IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd. ("IPValue" or "Defendants"), respectfully request a continuance of the Initial Case Management Conference from June 5, 2025, to August 28, 2025, at 1:00 p.m., approximately thirty days after the hearing on Defendants' Motion to Dismiss this action. Defendants' Motion to Dismiss is currently noticed for July 31, 2025 (Dkt. 25).

This is Defendants' first requested continuance of the Case Management Conference ("CMC"). On May 30 and June 2, 2025, Defendants contacted Plaintiff, Sandisk Corporation ("Plaintiff" or "Sandisk") by e-mail to propose a stipulation to continue the CMC in light of the pending Motion to Dismiss. Plaintiff informed Defendants' that they opposed the Motion to Continue. Plaintiff's position appears to be an attempt to advance this matter ahead of the first filed matter in the Central District of California. This is not a proper use of the Court's resources.

A continuance is warranted in light of Defendants' pending Motion to Dismiss, which, if granted, would resolve all issues in this case. Proceeding with a full case management schedule at this stage would not be productive and would waste judicial resources. Further, this is a declaratory judgment action. Even if it were to go forward (which it should not for the reasons set forth in the pending motion to dismiss), the full scope of the issues to be addressed in the case will not be known until after that motion is resolved. For example, Defendant could file a claim for patent infringement that might implicate patent validity defenses from Plaintiff that are not currently part of this case. As this Court's Standing Order expressly permits, parties may request that the initial CMC be set "60 days or more after the hearing" on a motion to dismiss. Standing Order at 3. Defendants' request aligns with this guidance and is made in good faith to conserve party and judicial resources given the extent to which the nature of this case (if it continues at all) will be shaped by the outcome of the motion to dismiss.

Absent a continuance, Defendants' will suffer undue prejudice. As reflected in the Case Management Statement already submitted, Plaintiff provided Defendants with a proposed scheduled only a day before the filing deadline, leaving Defendants' insufficient time to respond meaningfully. Thus, the Case Management Statement itself does not adequately reflect Defendants' position regarding the schedule proposed by Plaintiff. Proceedings with the CMC under these circumstances would deprive the parties of the opportunity to confer fully under Rule 26(f) and prepare a comprehensive schedule.

Moreover, setting a full schedule now is premature. Defendants' Motion to Dismiss seeks dismissal under the First-to-File Rule in favor of a pending action in the Central District of California. Requiring Defendants to proceed with duplicative disclosures and claim construction proceedings in both forums would impose significant and unnecessary burdens on Defendant and would be wasteful of the Court's time.

This requested continuance will not affect any other deadlines in this case as there are none. Accordingly, for good cause, Defendants' respectfully request that the Court continue the Initial Case Management Conference to August 28, 2025, or another date at the Court's convenience, approximately thirty days or more after the hearing on Defendants' Motion to Dismiss.

DATED: June 2, 2025                           Respectfully submitted,

**RUSS AUGUST & KABAT**

By: /s/ *Brian D. Ledahl*
    Brian D. Ledahl
    Neil Rubin

*Attorneys for Defendants*
IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd.

**CERTIFICATE OF SERVICE**

I certify that on June 2, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Brian D. Ledahl*
Brian D. Ledahl