KEKER, VAN NEST & PETERS LLP
AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
ERIC B. HANSON - # 254570
ehanson@keker.com
STEPHANIE J. GOLDBERG - # 328710
sgoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff and Counterclaim Defendants SANDISK
CORPORATION and WESTERN DIGITAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS, LTD.,<br><br>    Defendants. | Case No. 5:25-CV-02389-PCP<br><br>**COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION AND WESTERN DIGITAL CORPORATION'S MOTION TO DISMISS**<br><br>Date Filed: March 7, 2025<br><br>Trial Date: Not Yet Set |

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.    SUMMARY OF ARGUMENT ...........................................................................................1

II.    BACKGROUND .................................................................................................................3

    A.    Relevant Procedural History ...................................................................................3

    B.    The '505 Patent .......................................................................................................3

    C.    Allegations Regarding Direct Infringement............................................................4

III.    LEGAL STANDARD..........................................................................................................6

IV.    ARGUMENT ......................................................................................................................7

    A.    The Counterclaim Pleading fails to state a claim for direct infringement of the '505 patent. ..................................................................................................7

    B.    The Counterclaim Pleading also fails to state a claim for induced, contributory, or willful infringement of the '505 patent........................................12

    C.    Counterclaim Plaintiffs' allegations of infringement for the '505 patent should be dismissed without leave to amend. ........................................................13

V.    CONCLUSION..................................................................................................................13

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Adams v. Johnson*,
　355 F.3d 1179 (9th Cir.2004) ...................................................................................................11

*AlterG Inc. v. Boost Treadmills LLC*,
　388 F. Supp. 3d 1133 (N.D. Cal. 2019) ...................................................................................12

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)............................................................................................................ *passim*

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
　No. C 11-04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) ........................................6

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007)........................................................................................................2, 6, 12

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
　681 F.3d 1323 (Fed. Cir. 2012)................................................................................................12

*Bot M8 LLC v. Sony Corp. of Am.*,
　4 F.4th 1342 (Fed. Cir. 2021) ....................................................................................................6

*Brown v. Stored Value Cards, Inc.*,
　953 F.3d 567 (9th Cir. 2020) .....................................................................................................6

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*,
　No. 19-cv-05784-JST, 2020 WL 7392909 (N.D. Cal. July 23, 2020).....................................10

*In re Century Aluminum Co. Sec. Litig.*,
　729 F.3d 1104 (9th Cir. 2013) .................................................................................................12

*Coop. Ent., Inc. v. Kollective Tech., Inc.*,
　No. 5:20-cv-07273-EJD, 2024 WL 420747 (N.D. Cal. Feb. 5, 2024)................................6, 13

*Cyph, Inc. v. Zoom Video Commc'ns, Inc.*,
　No. 22-cv-00561-JSW, 2022 WL 1556417 (N.D. Cal. May 17, 2022)....................................8

*Delphix Corp. v. Actifo, Inc.*,
　C 13-4613 RS, 2014 WL 4628490 (N.D. Cal. Mar. 19, 2014).........................................10, 11

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
　751 F.3d 990 (9th Cir. 2014) ...................................................................................................12

*Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*,
　279 F.3d 1022 (Fed. Cir. 2002)................................................................................................12

Case 5:25-cv-02389-PCP    Document 40    Filed 08/06/25    Page 4 of 19

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ...........................................................................................6

*Helprin v. Harcourt, Inc.*,
    277 F. Supp. 2d 327 (S.D.N.Y. 2003).................................................................................11

*Hernandez v. TLC of the Bay Area, Inc.*,
    263 F. Supp. 3d 849 (N.D. Cal. 2017) ................................................................................11

*Kolon Indus., Inc. v. Hyosung Advanced Materials Corp.*,
    No. SA CV 24-00415 JVS-JDE, 2024 WL 3915072 (C.D. Cal. July 26, 2024) .............8, 9, 12

*Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v. Cigna Health & Life
    Ins. Co.*,
    No. 20-10345 (KM) (ESK), 2021 WL 2680153 (D.N.J. June 30, 2021) ................................11

*Paulsen v. CNF Inc.*,
    559 F.3d 1061 (9th Cir. 2009) ............................................................................................10

**Rules**

Fed. R. Civ. P. 13(b) ...............................................................................................................1

**Other Authorities**

https://shop.sandisk.com/company/newsroom/press-releases/2025/sandisk-
    celebrates-nasdaq-listing-after-completing-separation; ............................................................3

https://www.theregister.com/2010/12/01/isscc_2011_chip_preview/ ...........................................9

https://www.westerndigital.com/company/newsroom/press-releases/2025/2025-02-
    24-western-digital-completes-planned-company-separation; ....................................................3

*IPValue Management, Inc. and Longitude Flash Memory Solutions Ltd. v. Western
    Digital Corporation*,
    Case No. 8:25-cv-00119 .........................................................................................................6

**NOTICE OF MOTION AND MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that on Sept. 11, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable P. Casey Pitts, in Courtroom 8 of the United States Courthouse located at 280 South First Street, San Jose, CA 95113, Counterclaim Defendants Sandisk Corporation ("Sandisk") and Western Digital Corporation ("Western Digital") will and hereby do move to dismiss the Counterclaims and Crossclaims[1] ("Counterclaim Pleading") filed by Defendants IPValue Management, Inc. ("IPValue") and Longitude Flash Memory Solutions Ltd. ("LFMS," and collectively with IPValue, "Defendants" and "Counterclaim Plaintiffs") regarding U.S. Patent No. 6,963,505 (the "'505 patent"). This motion is based on this Notice of Motion, the following memorandum of points and authorities, all pleadings and papers on file or to be filed in this action, counsels' arguments, and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    SUMMARY OF ARGUMENT**

Counterclaim Plaintiffs have failed to state a claim for direct, indirect, or willful infringement of the '505 patent. While Counterclaim Plaintiffs broadly accuse entire classes of solid-state memory products made by Sandisk and Western Digital of infringing the '505 patent, their infringement allegations are not based on any actual ***products*** sold by Sandisk or Western Digital. Instead, the Counterclaim Pleading bases its infringement allegations solely on the contents of an ***academic paper*** (the "ISSCC paper") that—on its face—does not even purport to describe any Sandisk or Western Digital product. To state the obvious, an academic paper cannot infringe the '505 patent. And if these counterclaims survive the pleading stage (they should not), the evidence will confirm that none of the accused Sandisk or Western Digital products do what the ISSCC research paper describes.

Counterclaim Plaintiffs are well aware of these pleading deficiencies. In the now-stayed Central District of California litigation between the parties, Counterclaim Plaintiffs advanced a similarly baseless charge of infringement for the '505 patent in their initial complaint, and then

---

[1] Counterclaim Plaintiffs style their claims against Western Digital as crossclaims, but the Federal Rules of Civil Procedure only allow crossclaims against a co-party. *See* Fed. R. Civ. P. ("FRCP") 13(g). Claims brought against an opposing party via joinder are counterclaims. *See* FRCP 13(b).

tried to plead around those deficiencies in an amended complaint after Sandisk and Western Digital raised these defects in a meet-and-confer discussion. Sandisk and Western Digital were then forced to move to dismiss the amended infringement claim for the same reasons articulated in this motion, but the Central District court stayed the lawsuit, deferring this dispute for this Court to resolve.

Counterclaim Plaintiffs now offer a third version of their '505 patent infringement allegations, but the same fundamental flaw remains: the ISSCC paper on which their infringement claim is built does not describe any Sandisk or Western Digital product. Nothing in their Counterclaim Pleading overcomes this defect. *First*, Counterclaim Plaintiffs continue to rely on a conclusory assertion that the ISSCC paper describes how certain categories of Sandisk's and Western Digital's products work. But black-letter law—including *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)—prohibits such a conclusory allegation to state a claim, particularly when the ISSCC paper itself contains no suggestion that its research was implemented in any actual Sandisk or Western Digital product (indeed, it was not).

*Second*, Counterclaim Plaintiffs assert that the ISSCC conference, which is where the paper was presented, is where new products are "brought to market." But the 2010 news article on which they rely for that assertion identifies a different conference as the main conference for new product announcements. And, most important, nothing in the 2010 news article ties the ISSCC paper to any Sandisk or Western Digital product, which is the critical failure here.

*Third*, Counterclaim Plaintiffs persist in alleging that during pre-suit negotiations, "Western Digital never denied that the [ISSCC paper] accurately described techniques utilized in its products." Counterclaim Pleading, Dkt. 39, ¶ 77. That allegation—aside from being false—cannot plausibly establish such a critical fact under *Iqbal*. If this pleading tactic were permissible (it is not), then any plaintiff could state a claim by lodging assertions outside of court at a defendant, and then alleging that any assertion that the defendant failed to deny can be treated as true. That tactic doesn't even work *in court*; it shouldn't be permitted outside of court.

In short, despite multiple attempts to amend their claims, Counterclaim Plaintiffs' allegations fail to explain *how* any Sandisk and Western Digital product infringes the '505 patent,

and lack sufficient "factual content" to allow this Court to "draw the reasonable inference" that Sandisk or Western Digital is liable for infringing the '505 patent. *Iqbal*, 556 U.S. at 678. The Court should grant the Motion to Dismiss, and do so with prejudice.

## II.    BACKGROUND

### A.    Relevant Procedural History

Sandisk filed this declaratory judgment action on March 7, 2025. Dkt. 1. Counterclaim Plaintiffs originally sued Western Digital in the Central District of California on Jan. 22, 2025. Dkt. 1, ¶ 18. On February 24, 2025, Western Digital publicly announced that it had completed a planned separation from its subsidiary, Sandisk.[2] As a result, Sandisk became an independent company.[3] Sandisk, which is based in Milpitas, California, designs and manufactures flash memory for storing electronic data and is responsible for designing and manufacturing components of SSDs that were sold by Western Digital prior to the separation. *See id.*, ¶ 8. Consequently, Sandisk filed this action and petitioned the Central District trial court to stay the Central District case. Dkt. 21, at 1. After the Central District trial court granted the stay, Counterclaim Plaintiffs agreed to answer the declaratory judgment action in this case. Dkt. 37. Counterclaim Plaintiffs filed their answer and Counterclaim Pleading on July 16, 2025. Dkt. 39.

IPValue is a patent licensing company that generates revenues from patent portfolios. Counterclaim Pleading, ¶ 3. The Counterclaim Pleading alleges that LFMS, an Ireland-based patent licensing company with hundreds of patents in its portfolio, provided IPValue with an exclusive license to the five asserted patents in this action. *Id.*, ¶¶ 2, 3.

### B.    The '505 Patent

The asserted patents all generally relate to semiconductor devices for non-volatile memory. The '505 patent relates to methods for selecting a reference voltage level to find a level with a "relatively low read error rate" (which is about as specific as the patent claims get, a

---

[2] https://www.westerndigital.com/company/newsroom/press-releases/2025/2025-02-24-western-digital-completes-planned-company-separation; Dkt. 1, ¶¶ 2, 16, 18–19.

[3] https://shop.sandisk.com/company/newsroom/press-releases/2025/sandisk-celebrates-nasdaq-listing-after-completing-separation; Dkt. 1, ¶¶ 2, 16, 18–19.

separate defect with the '505 patent assertion). A reference voltage level is used to determine the state of a memory cell (*e.g.*, if the voltage level in the memory cell is higher than reference level A, then the memory cell is considered to hold a "1"; if it is lower than reference level B, then the cell is considered to hold a "0").

### C.  Allegations Regarding Direct Infringement

Counterclaim Plaintiffs broadly accuse "[b]y way of illustrative example" and "without limitation . . . ***all versions***" of Western Digital's and Sandisk's "SSDs, OptiNAND HDDs, USB Flash Drives, Embedded Flash, and Memory Cards containing 3D NAND flash memory, and all versions and variations thereof since the issuance of the '505 patent" in November 2005. Counterclaim Pleading, ¶¶ 64, 66 (emphasis added).

The Counterclaim Pleading then asserts that ***all*** Western Digital and Sandisk products meet the limitations of claim 1, *id.*, ¶ 71, but then contradicts that assertion by stating that only "[c]ertain of the Accused Products utilize 96L or 112L 3d NAND Flash memory[,]" which becomes the focus of the '505 patent allegations. *Id.*, ¶ 76. Counterclaim Plaintiffs then allege that a 2018 academic paper from the International Solid-State Circuits Conference (ISSCC) "describes techniques utilized in the operation of the 96L and/or 112L Accused Products." *Id.*, ¶ 77. But the ***only*** support Counterclaim Plaintiffs offer for that assertion is: (1) their general assertion that papers presented at the ISSCC conference describe products coming on the market; and (2) during pre-litigation meetings between Counterclaim Plaintiffs and Western Digital, Counterclaim Plaintiffs "provided Western Digital with evidence that its products infringed the '505 patent, based in part upon the ISSCC 2018 96L Paper" and "Western Digital never denied" that the ISSCC paper described its products. *Id.* Tellingly, the Counterclaim Pleading does ***not*** allege (because there is no factual basis to do so) that Western Digital ever suggested or admitted that the ISSCC paper described any aspect of Defendants' products, or that the ISSCC paper itself suggests that its research was implemented by Western Digital or Sandisk. Nor does the Counterclaim Pleading describe in any way what Counterclaim Plaintiffs alleged regarding the ISSCC paper in pre-suit discussions with Western Digital, nor how Western Digital responded to Counterclaim Plaintiffs' allegations.

The Counterclaim Pleading goes on to quote an excerpt from the ISSCC paper and provides lightly annotated images, accompanied by a short explanation, to support Counterclaim Plaintiffs' assertion of infringement for the '505 patent. The excerpt and annotated images that Counterclaim Plaintiffs rely on in their Counterclaim Pleading is identical for every claim element, as shown below:



See id., ¶¶ 78–80.

Critically, nothing in the academic paper cited in the Counterclaim Pleading identifies or purports to describe the functionality or design of *any* actual product made, sold, or offered for sale by Western Digital or Sandisk—let alone all of the products that IPValue accuses of patent infringement. And the Counterclaim Pleading reflects the third attempt by Counterclaim Plaintiffs to allege a claim of infringement of the '505 patent, as they have already amended the claim twice to try to connect the ISSCC paper to any of Sandisk's or Western Digital's products. *See IPValue Management, Inc. and Longitude Flash Memory Solutions Ltd. v. Western Digital Corporation*, Case No. 8:25-cv-00119, at Dkt. 1 (Complaint); Dkt. 24 (First Amended Complaint).

### III.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a "plausible claim for relief[.]" *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This means that a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Under this standard, a complaint alleging patent infringement "must support the grounds for that [allegation] with sufficient factual content." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (affirming dismissals under Rule 12(b)(6) for deficient allegations of patent infringement). A trial court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And within the Ninth Circuit, accused products *must* be identified by plaintiffs with "at least minimal specificity" so as to adequately put the defendant on notice of the claims against it and the grounds upon which those claims rest. *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at *2 (N.D. Cal. Mar. 22, 2012). If a plaintiff repeatedly fails to cure pleading deficiencies and further amendments would be futile, a trial court may dismiss the claim without leave to amend. *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020); *Coop. Ent., Inc. v. Kollective Tech., Inc.*, No. 5:20-cv-07273-EJD, 2024 WL 420747, at *4 (N.D. Cal. Feb. 5, 2024) (dismissing patent

complaint without leave to amend because plaintiff repeatedly failed to allege facts that showed defendant's product met a key claim element).

## IV. ARGUMENT

### A. The Counterclaim Pleading fails to state a claim for direct infringement of the '505 patent.

Counterclaim Plaintiffs' patent infringement allegations for the '505 patent are bereft of *any* facts that would suggest any of Sandisk's or Western Digital's products infringe. The Counterclaim Pleading's recitations are exactly the sort of "[t]hreadbare recitals of the elements. . . supported by mere conclusory statements" that fall short of the Rule 8's pleading requirements. *Iqbal*, 556 U.S. at 678. Specifically, the Counterclaim Pleading fails to state a claim for infringement of the '505 patent because it does not plausibly link the ISSCC paper on which it relies to any Sandisk or Western Digital product, and therefore fails to show how any product satisfies every element of any '505 patent claim.

The ISSCC paper excerpt and images featured by Counterclaim Plaintiffs—the sole evidence on which IPValue relies to supposedly demonstrate infringement for this patent—are repeated verbatim for each claim element of the '505 patent. Counterclaim Pleading, ¶¶ 78–80. But Counterclaim Plaintiffs fail to show that there is any connection between the excerpt and images from the ISSCC paper and any Sandisk or Western Digital product. *See id.* That is because the ISSCC excerpt and images are from a 2018 academic paper that was presented at a scientific conference. They did not come from a product manual, specification sheet, or any other form of technical product documentation for Sandisk's or Western Digital's products. And nothing in the excerpt or images indicates that they correspond to or describe the inner workings of any Sandisk or Western Digital product, let alone the sole product Counterclaim Plaintiffs appear to accuse.[4] Counterclaim Pleading, ¶ 77.

To the contrary, the ISSCC paper expressly states that the authors only "***propose*** a smart $V_{th}$ tracking read (SVTR) to improve the retry read performance by reducing the number of

---

[4] As noted above, none of Sandisk's or Western Digital's products implement the relevant process described in the excerpts from the ISSCC paper.

tracking cycles, and to support a program-suspend read function." *Id.*, ¶¶ 78–80 (emphasis added). The fact that the ISSCC paper is only "propos[ing]" a feature does not plausibly show infringement. Instead, the only plausible inference is that the feature is under research and has not been implemented. This language is also directly at odds with the Counterclaim Pleading's accusation that "Defendants' SSDs, OptiNAND HDDs, USB Flash Drives, Embedded Flash, and Memory Cards containing 3D NAND flash memory, ***and all versions and variations thereof since the issuance of the '505 Patent***" infringe. *Id.*, ¶ 66 (emphasis added). A "proposed" idea in a 2018 academic paper cannot possibly show infringement since November 2005, which is when the '505 patent issued. *Id.*, ¶ 64.

To survive a motion to dismiss, the Counterclaim Pleading must have "some factual allegations that, when taken as true, articulate *why* it is plausible that the accused product infringes the patent claim." *Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, No. 22-cv-00561-JSW, 2022 WL 1556417, at *2 (N.D. Cal. May 17, 2022) (quoting *Bot M8*, 4 F.4th at 1353) (emphasis added). Here, there are no factual allegations linking any Sandisk or Western Digital product to any claim element of the '505 patent because—as explained above—the excerpt and images from the ISSCC paper do not supply a factual basis for linking any of Sandisk's or Western Digital's products to any '505 patent claim element. In fact, a California federal district court recently dismissed a complaint that similarly relied on an image without clear provenance being compared to the accused product to allege patent infringement, because the image was not sufficiently tied to any allegedly infringing product or infringing conduct of the defendant. *See Kolon Indus., Inc. v. Hyosung Advanced Materials Corp.*, No. SA CV 24-00415 JVS-JDE, 2024 WL 3915072, at *4 (C.D. Cal. July 26, 2024).

In *Kolon*, the plaintiff accused a special nylon yarn incorporated into an automotive tire, and relied on a photo of the yarn to allege patent infringement. *Id.* at *1. The court found that the photo did not plausibly show that the accused yarn was actually incorporated into a tire imported into the United States: "It is not clear from the FAC that the same product incorporated into the Hankook tires or other tires ultimately sold in the United States is in fact the depicted product. . . . Kolon must plausibly allege that the depicted and allegedly infringing product [in the image] is

the same product used in the tires." *Id*. at *5. Here, the connection between Counterclaim Plaintiffs' allegations and any Sandisk or Western Digital product is even more tenuous because the academic paper excerpt and images relied on by Counterclaim Plaintiffs does not suggest that it relates to any product at all (as opposed to being simply research for a technical conference), let alone that the technology depicted in the images was incorporated into a specific product that was made in, sold in, or imported into the United States.

Aware of this disconnect, Counterclaim Plaintiffs attempt to bridge this gap by broadly asserting that there is a "recognized status of the ISSCC conference as a place for products to be brought to market[.]" Counterclaim Pleading, ¶ 75. They appear to base this sweeping statement off a specific 2010 news article cited in the Counterclaim Pleading. *See id.* But that news article actually points to a different technology event—the Consumer Electronics Show, or CES—as the venue "where new PC processors and sundry other computing gadgets are brought to market." *See id.* ¶ 74; *see also* https://www.theregister.com/2010/12/01/isscc_2011_chip_preview/. In other words, Counterclaim Plaintiffs' assertions about the ISSCC conference being a launching pad for new products are based on a misreading of the article they cite. Indeed, after explaining that CES is where new products are brought to market, 2010 news article draws a contrast between CES and ISSCC, noting that "ISSCC is where the hard-core techies get to show off their etchings and their IQs, particularly with processors used in servers." *See id*. And even if it were otherwise, and the ISSCC was a conference where products are "brought to market," that still wouldn't create a plausible inference that *every* paper presented at such a conference reflects an actual product that is currently being made in, sold in, or imported into the United States. Regardless, there is nothing in a 2010 news article that ties the 2018 ISSCC paper to any Sandisk or Western Digital product; it has no relevance to the '505 patent infringement allegations.

The Counterclaim Pleading itself also contradicts the notion that ISSCC is where new products are released. As Counterclaim Plaintiffs explain, the "International Solid-State Circuits Conference is the foremost global forum for *presentation of advances* in solid-state circuits and systems-on-a-chip" and "offers a unique opportunity for engineers *working at the cutting edge* of IC design and application to maintain technical currency, and to network with leading experts."

Counterclaim Pleading, ¶ 74 (emphasis added). In other words, it's a conference about cutting-edge research, not an event (like CES) to tout the release of products about to come on the market. *Id.* In short, Counterclaim Plaintiffs' erroneous and conclusory characterizations about the ISSCC conference do not plausibly suggest that the 2018 ISSCC paper describes any Sandisk or Western Digital product. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) ("We are not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.").

Counterclaim Plaintiffs also try to bolster their allegations by pointing to Western Digital's purported silence during licensing discussions prior to the lawsuit. Specifically, the Counterclaim Pleading alleges:

> The ISSCC 2018 96L Paper describes techniques utilized in the operation of the 96L and/or 112L Accused Products. As a further example of the basis for *this information and belief*, during the August 24–25, 2022, meetings between the parties discussed above, IPValue provided Western Digital with evidence that its products infringed the '505 patent, based in part upon the ISSCC 2018 96L Paper. While Western Digital provided responses to IPValue concerning this patent in subsequent meetings, *Western Digital never denied* that the ISSCC 2018 96L Paper accurately described techniques utilized in its products.

Counterclaim Pleading, ¶ 77 (emphasis added). These allegations are also insufficient to plead direct infringement of the '505 patent. As a preliminary matter, Counterclaim Plaintiffs cannot plausibly tie the ISSCC paper to any Western Digital or Sandisk products by simply alleging the connection on "information and belief." *See Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 19-cv-05784-JST, 2020 WL 7392909, at *4 (N.D. Cal. July 23, 2020) ("'Despite the common appearance of' the phrase 'on information and belief' in practice, 'it is not a recognized pleading device under the rules.'") (quoting *Delphix Corp. v. Actifo, Inc.*, C 13-4613 RS, 2014 WL 4628490, at *1 (N.D. Cal. Mar. 19, 2014)). As *Delphix* explained:

> Rule 11(b) of the Federal Rules of Civil Procedure provides that by submitting a pleading to the court, the signatory is always certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

*Delphix*, 2014 WL 4628490, at *1. Here, Counterclaim Plaintiffs have not conducted any "inquiry

reasonable under the circumstances" to support their assertion on "information and belief" that the 2018 ISSCC paper describes any actual Sandisk or Western Digital product. *See id.*

Instead, the best that Counterclaim Plaintiffs can muster (after twice amending their '505 patent infringement allegations) is to assert that Western Digital "never denied" the connection between the 2018 ISSCC paper and its products in pre-suit discussions. *See* Counterclaim Pleading, ¶ 77. But Western Digital's purported failure to comment on the ISSCC paper in 2022, even if assumed to be true (despite the fact that it is not), cannot plausibly suggest that the paper accurately describes any Western Digital or Sandisk product, let alone the one product (Western Digital's SN550 SSD) that Counterclaim Plaintiffs mention. *See, e.g.*, *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 338 (S.D.N.Y. 2003) (rejecting the notion that silence can be used as evidence of liability when there is no legal obligation to speak); *Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v. Cigna Health & Life Ins. Co.*, No. 20-10345 (KM) (ESK), 2021 WL 2680153, at *2 (D.N.J. June 30, 2021) ("From this silence, Open MRI asks the Court to infer an allegation that there was a valid assignment. . . . The *Twombly*/*Iqbal* standard does not require the Court to engage in such gymnastics for plaintiff's benefit. . . ."); *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.2004) (". . . unwarranted inferences are insufficient to defeat a motion to dismiss.").

Further bolstering the implausibility of Counterclaim Plaintiffs' inference based on alleged silence is the fact that accused infringers have no obligation to disclose how their products work; and indeed, they have a good reason not to. In a situation where a patent holder accuses a technology company of infringement based on a misunderstanding of the company's products, it is perfectly commonplace and reasonable for a company to dispute the patentee's infringement analysis without disclosing anything about its products' inner workings—which are trade secrets—to its potential litigation adversary. Accordingly, even if it were true that Sandisk remained completely silent during negotiations as to the fact that IPV was barking up the wrong tree, that silence could not reasonably give rise to an inference that IPV had correctly assumed that an academic article reflected the Sandisk's products. *See Hernandez v. TLC of the Bay Area, Inc.*, 263 F. Supp. 3d 849, 853 (N.D. Cal. 2017) ("In evaluating plausibility, courts must also

11

consider an 'obvious alternative explanation' for defendant's behavior. When faced with two possible explanations [for a defendant's behavior], only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.") (cleaned up); *see also Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014) (requiring pleading to provide more than allegations consistent with a favored explanation, including "facts tending to exclude that the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible"); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true . . . in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.").

Because there is no plausible link between the ISSCC excerpt and images and any actual Western Digital or Sandisk product, IPValue's patent-infringement allegations for the '505 patent fail under *Twombly* and *Iqbal,* and Defendants' Motion to Dismiss should be granted.

### B. The Counterclaim Pleading also fails to state a claim for induced, contributory, or willful infringement of the '505 patent.

Counterclaim Plaintiffs' failure to sufficiently plead direct infringement of the '505 patent is also fatal to its claims of induced, contributory, and willful infringement. *See Kolon*, 2024 WL 3915072 at *5 ("Each of these [indirect infringement and willfulness] claims depends on an underlying claim of direct infringement. Accordingly, the Court would dismiss these claims at least for the reasons stated above."); *see also AlterG Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1143 (N.D. Cal. 2019) (dismissing willful infringement claim at motion-to-dismiss stage because "a finding of direct infringement is a prerequisite for willful infringement."); *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002) ("It is well settled that there can be no inducement of infringement without direct infringement by some party."); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'") (citation omitted).

Therefore, the Court should grant Sandisk's and Western Digital's Motion to Dismiss with respect to these claims as well.

### C. Counterclaim Plaintiffs' allegations of infringement for the '505 patent should be dismissed without leave to amend.

Counterclaim Plaintiffs have been aware of these deficiencies in their '505 patent infringement allegations since April 3, 2025, when counsel for Western Digital met and conferred with counsel for Counterclaim Plaintiffs in the Central District of California litigation and raised these defects with respect to the '505 patent infringement allegations in the original Central District complaint. *See* Case No. 8:25-cv-00119, at Dkt. 30, p. 3 (Western Digital's Motion to Dismiss). Counterclaim Plaintiffs then filed an Amended Complaint in the Central District of California litigation on April 9, 2025 (the day before Western Digital's motion to dismiss was due), revising their infringement allegations for the '505 patent by adding, among other things, assertions based on Western Digital's alleged silence during pre-suit negotiations. *Id.*, at Dkt. 24 (First Amended Complaint). After the Central District court stayed the Central District lawsuit and deferred ruling on Sandisk's and Western Digital's motion to dismiss, Counterclaim Plaintiffs amended the '505 patent allegations yet again, adding, among other things, a new assertion that the ISSCC conference is an event where new products are announced.

Enough is enough. Given that Counterclaim Plaintiffs have repeatedly failed to cure their pleading deficiencies for the '505 patent, it is clear that any further amendments would be futile. The Court should grant the Motion to Dismiss and dismiss the '505 patent infringement claim without leave to amend. *See Coop. Ent.*, 2024 WL 420747, at *4 (dismissing complaint when plaintiff failed to plead sufficient facts after multiple chances to cure).

### V. CONCLUSION

After multiple amendments, Counterclaim Plaintiffs have repeatedly failed to provide anything more than conclusory assertions of patent infringement for the '505 patent based on an untenable link between an academic paper and Sandisk's and Western Digital's products. For the reasons stated above, Sandisk and Western Digital respectfully request that the Counterclaim Pleading be dismissed with respect to the '505 patent, and that the dismissal be granted without

leave to amend.

Dated: August 6, 2025                                KEKER, VAN NEST & PETERS LLP

                                        By:  */s/ Ajay S. Krishnan*
                                             AJAY S. KRISHNAN
                                             RYAN K. WONG
                                             ERIN E. MEYER
                                             ERIC B. HANSON
                                             STEPHANIE J. GOLDBERG

                                             Attorneys for Plaintiff and Counterclaim
                                             Defendants SANDISK CORPORATION
                                             and WESTERN DIGITAL
                                             CORPORATION

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On August 6, 2025, I served the following document(s):

**COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION AND WESTERN DIGITAL CORPORATION'S MOTION TO DISMISS**

☑ by **ELECTRONICALLY POSTING** to the ECF website of the United States District Court, Northern District of California. The Court performed service electronically on all ECF-registered entities in this matter.

Brian D Ledahl
Mackenzie Paladino
Neil Alan Rubin
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
bledahl@raklaw.com
mpaladino@raklaw.com
nrubin@raklaw.com

Attorneys for Defendants

Executed on August 6, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Jennifer Gray