KEKER, VAN NEST & PETERS LLP
AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
ERIC B. HANSON - # 254570
ehanson@keker.com
STEPHANIE J. GOLDBERG - # 328710
sgoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff and Counterclaim-Defendants SANDISK CORPORATION and WESTERN DIGITAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS, LTD.,<br><br>　　　　Defendants. | Case No. 5:25-CV-02389-PCP<br><br>**COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Date: September 11, 2205<br>Time: 10:00 am<br><br>Date Filed:  March 7, 2025<br><br>Trial Date:  Not Yet Set |

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 3

    A. IPValue's Counterclaim for infringement of the '505 patent fails to plausibly connect the ISSCC paper to any Accused Products or any infringing conduct. ........................................................................................................ 3

    B. IPValue's inaccurate claims about the ISSCC and ISSCC paper do not establish plausibility. ..................................................................................................... 5

    C. The parties' pre-suit negotiations do not establish plausibility under Rule 8. ......... 8

    D. After two futile attempts, IPValue should not be given leave to amend. ................ 9

III. CONCLUSION .................................................................................................................. 10

i

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL
CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

**TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ passim

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ....................................................................................... 2, 4, 9

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ................................................................................................ 5

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ................................................................................................ 10

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ................................................................................................ 6

*Helprin v. Harcourt, Inc.*,
  277 F. Supp. 2d 327 (S.D.N.Y. 2003) ..................................................................................... 9

*Hernandez v. TLC of the Bay Area, Inc.*,
  263 F. Supp. 3d 849 (N.D. Cal. 2017) ................................................................................... 4, 9

*Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*,
  677 F. Supp. 3d 1079 (N.D. Cal. 2023) ................................................................................... 8

*Kolon Industries, Inc. v. Hyosung Advanced Materials Corp.*,
  No. SA CV 24-00415 JVS-JDE, 2024 WL 3915072 (C.D. Cal. July 26, 2024) ...................... 4

*Kolon Industries, Inc. v. Hyosung Advanced Materials Corp.*,
  No. SA CV 24-00415 JVS-JDE, 2024 WL 3915072 (C.D. Cal. July 26, 2024) .................. 4, 5

*Ormco Corp. v. Align Tech., Inc.*,
  463 F.3d 1299 (Fed. Cir. 2006) ............................................................................................ 4, 7

**Federal Statutes**

35 U.S.C. § 271(a) ....................................................................................................................... 3

**Rules**

Rule 8 ....................................................................................................................................2, 8, 9

Rule 12(b)(6) ............................................................................................................................... 10

**Other Authorities**

U.S. Patent No. 6,963,505 ............................................................................................................ *passim*

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL
CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

I.  **INTRODUCTION**

Counterclaim Plaintiffs' opposition brief confirms the fundamental defect of their Counterclaims: their assertions about U.S. Patent No. 6,963,505 (the "'505 patent") never leave the realm of conjecture and fail to plausibly allege that any specific product sold by Counterclaim Defendants Sandisk Corporation ("Sandisk") or Western Digital Corporation ("Western Digital") practice every limitation of claim 1 of the '505 patent. Because the Counterclaim "stops short of the line between possibility and plausibility," the Court should grant Sandisk's and Western Digital's Motion in full. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545–46 (2007).

IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd. (collectively, "IPValue") overload their Opposition with irrelevant anecdotes (Western Digital's alleged conduct in another case, Opp. at 10–11), hair-splitting of terms ("academic paper," Opp. at 1, 8), and deceptive statements (Sandisk's "entire motion" is based on a factual argument, Opp. at 1) to distract the Court from the bare truth: A two-page paper that says nothing about any products sold by Sandisk or Western Digital, presented at a conference dedicated to "advances in solid-state circuits," cannot plausibly plead infringement by Sandisk or Western Digital products.[1]

As Sandisk's and Western Digital's opening brief explains, IPValue's Counterclaim regarding the '505 patent fails because it repeatedly states—without any plausible basis or explanation—that a broad swath of Sandisk and Western Digital products infringe the '505 patent based solely on the disclosures in the ISSCC conference paper. To put a finer point on it: even if the Court were to assume at the pleading stage that the ISSCC paper describes an actual Toshiba memory chip capable of infringing the '505 patent, the paper says nothing about whether the chip is a component of any Sandisk or Western Digital products. Even worse, the paper says nothing about whether the allegedly infringing technique is actually *used* by any Sandisk or Western Digital products. Since the '505 patent recites *only method claims*, IPValue must show *actual use* of the accused feature within the United States by Sandisk or Western Digital to plausibly

---

[1] Notably, IPValue's counterclaim allegations for the *other* patents-in-suit rely on pre-suit teardown analyses of actual Sandisk or Western Digital products. *See* Counterclaim Pleading, ¶¶ 27–33, 43–47, 57–62, 90–96. No such analysis was done for the '505 patent.

1

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

allege patent infringement—mere capability by a chip does not suffice. On these critical points, which must be shown to plausibly tie the ISSCC paper to any infringing conduct by Sandisk or Western Digital, IPValue's counterclaim offers only conclusory statements.

Those allegations are exactly the type of "labels and conclusions" that the Supreme Court has held improper, *see Twombly*, 550 U.S. at 555, and that the Federal Circuit has found "do not plausibly allege infringement" at the pleading stage. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021) (affirming dismissal of a patent-infringement claim because the complaint failed to plausibly plead essential facts to show infringement by the accused infringer).

Although IPValue disputes Sandisk's and Western Digital's characterization of the ISSCC, Opp. at 8–11, it fails to address these core defects raised by the motion to dismiss. Regardless of whether the paper presented at ISSCC is "academic" or not, IPValue has not plausibly alleged that the features described in the paper (authored primarily by Toshiba engineers in Japan) were used in the United States by any specific commercial product, let alone products sold by Western Digital or Sandisk. It is common sense that not every idea, advance, or research project described in a conference paper is ultimately used commercially, especially for ideas offered at a conference designed for the "presentation of advances in solid-state circuits" to "engineers working at the cutting edge of IC design[.]" Counterclaim Pleading, ¶ 74. IPValue has not shown that the subject of all—or even most—ISSCC papers are immediately released as a commercial product, and in fact concedes that not all ISSCC papers relate to commercial products. Opp. at 10. Yet it asks the Court to bridge the gap between possibility and plausibility and assume that Sandisk and Western Digital perform the techniques described in the paper based solely on attorney argument outside the Counterclaims, combined with unfounded conclusions. On this critical element, the disclosures in the ISSCC paper simply do not rise to the level of plausibility required by Rule 8 and *Twombly*.

Sandisk's and Western Digital's motion demands nothing more than plausible allegations that meet the pleading standards for patent-infringement claims. The Counterclaims do not meet those standards for the '505 patent. For these reasons, Sandisk and Western Digital respectfully request that the Court dismiss the Counterclaim as to the '505 patent in its entirety.

2

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL
CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

## II. ARGUMENT

### A. IPValue's Counterclaim for infringement of the '505 patent fails to plausibly connect the ISSCC paper to any Accused Products or any infringing conduct.

IPValue's opposition brief presents an embellished summary of the allegations related to purported infringement of the '505 patent, including citations to articles and websites *outside* the Counterclaims. Opp. at 5–7. But once those embellishments are stripped aside, the sole factual contention in IPValue's pleading that purports to tie the '505 patent to Sandisk's or Western Digital's products is a 2018 industry paper (referred to herein as "the ISSCC paper") that ***does not mention a single Sandisk or Western Digital product***, and that describes only a ***proposed*** technology. Counterclaim Pleading, ¶ 78 ("We ***propose*** a smart $V_{th}$ tracking read (SVTR) to improve the retry read performance by reducing the number of tracking cycles, and to support a program-suspend read function" (emphasis added)). That contention is not nearly sufficient to plausibly allege that any Sandisk or Western Digital product infringes the '505 patent, which exclusively comprises method claims.

IPValue's argument relies instead on a number of logical jumps that are unsupported by the actual alleged facts. For example, IPValue argues that the large number of engineers listed on the paper somehow suggests that the technology is not just "proposed." Opp. at 6. But it is not clear why the numerosity of authors (the vast majority of whom worked at Toshiba or Toshiba Memory Systems in Yokohama, Japan) plausibly suggests that a technology described in a conference paper would be implemented in a commercial product—let alone a Sandisk or Western Digital product. The alternative interpretation—that a group of engineers spread across multiple companies presented research that may or may not be implemented in a commercial product—is equally plausible. As another example, IPValue asserts that Western Digital's release of a product five months after the ISSCC paper was presented somehow proves that what was in the paper made its way into the product. But IPValue does nothing to connect the ISSCC paper to any actual features of the Western Digital product, nor does the Counterclaim provide any factual showing that Sandisk or Western Digital ***actually use*** the technique proposed in the ISSCC paper within the United States—a requirement to infringe the '505 patent's method claims. *See* 35

3

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

U.S.C. § 271(a); *see also Ormco Corp. v. Align Tech., Inc*., 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use.").

These vague factual assertions cannot create a plausible infringement allegation. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) ("Under *Iqbal/Twombly*, allegations that are 'merely consistent with' infringement are insufficient.") (citation omitted); *Hernandez v. TLC of the Bay Area, Inc.*, 263 F. Supp. 3d 849, 853 (N.D. Cal. 2017) ("In evaluating plausibility, 'courts must also consider an obvious alternative explanation' for defendant's behavior. When faced with two possible explanations [for a defendant's behavior], only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.") (cleaned up).

In its Opposition, IPValue tries to twist the analysis in *Kolon Industries, Inc. v. Hyosung Advanced Materials Corp.*, No. SA CV 24-00415 JVS-JDE, 2024 WL 3915072 (C.D. Cal. July 26, 2024) to support its allegations for the '505 patent. *See* Opp. at 11–12. But IPValue misreads that case in several respects. *First*, the ISSCC paper is not similar at all to the patent application discussed in *Kolon*. Indeed, the ISSCC paper was drafted by sixty-four different authors, the vast majority of whom are Toshiba engineers in Japan—not Sandisk or Western Digital employees.[2] Therefore, there is no reason to presume, nor would it be plausible to assume, that a proposed technique discussed in the ISSCC paper will be used in any Sandisk or Western Digital product. *Second*, even if it were plausible to make that assumption, IPValue has not pleaded any facts to suggest that the technique described in the ISSCC paper ended up in a Sandisk or Western Digital product, or that any such product was sold in, offered for sale in, used in, or imported into the United States. *Kolon Indus*., 2024 WL 3915072 at *4–5.

In any event, the court in *Kolon* found that "it is not clear that the FAC depicts the allegedly infringing products that Kolon elsewhere identifies." *Id*. at *3. Similar to *Kolon*,

---

[2] The ISSCC paper identifies all sixty-four authors and their respective employers on its face.

4

1  IPValue's Counterclaim depicts one thing (a chip and proposed process described in the ISSCC
2  paper), but it does not plausibly allege "that the depicted and allegedly infringing" chip and
3  process were ultimately imported into and used within the United States. *Id*. at *4. While IPValue
4  notes that the *Kolon* trial court would allow the deficient claim to proceed if the patentee in that
5  case could "confirm[] that the accused product is used in tires bound for the United States[,]" *see*
6  Opp. at 12, that only underscores the deficiencies of IPValue's Counterclaim. There is nothing in
7  IPValue's pleadings showing that the feature described by the ISSCC paper has ever been used
8  within the United States by Sandisk or Western Digital in any of its products, or that such use is
9  plausible (as opposed to merely possible). Under *Kolon*, that deficiency warrants dismissal of
10  IPValue's '505 patent-infringement claim.

11  At bottom, IPValue asks the Court to have faith that its assumptions about the ISSCC
12  paper and conference are correct. But the law requires more than faith. IPValue must provide
13  enough facts to plausibly suggest infringement, including facts that tend to exclude alternative
14  explanations. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013)
15  ("Something more is needed, such as facts tending to exclude the possibility that the alternative
16  explanation is true . . . in order to render plaintiffs' allegations plausible within the meaning of
17  *Iqbal* and *Twombly*."). IPValue's Counterclaim for the '505 patent fall far short of that standard.

18  Because there is no plausible link connecting the techniques described by the ISSCC
19  paper to any Sandisk or Western Digital product, and because IPValue's Counterclaim fails to
20  plausibly allege that Sandisk or Western Digital ***actually perform*** the allegedly infringing
21  technique and each step of the '505 patent method claims within the United States, IPValue's
22  patent-infringement allegations for the '505 patent fail under *Twombly* and *Iqbal,* and Sandisk's
23  and Western Digital's Motion to Dismiss should be granted.

24  **B.    IPValue's inaccurate claims about the ISSCC and ISSCC paper do not establish plausibility.**

25
26  IPValue spends the bulk of its Opposition trying to redefine the ISSCC as a launchpad for
27  finished products. Opp. at 8–15. In doing so, IPValue casts Sandisk's and Western Digital's
28  arguments as "disingenuous," "misleading," and "erroneous." Opp. at 8, 9. But it is IPValue's

5

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL
CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

arguments that deserve these labels, not Sandisk's or Western Digital's.

*First*, IPValue quibbles with the phrasing of the ISSCC paper as an "academic paper" presented at a "scientific conference," which "propose[d]" a feature. Opp. at 8. As an initial matter, however the parties characterize the ISSCC or the ISSCC paper, the substance of the ISSCC paper remains unchanged—and nothing in the ISSCC paper ties its contents to any Sandisk or Western Digital product.[3] IPValue nonetheless doubles down, asserting that it "is clear from the context that these engineers were proposing the described chip *for production*—not as some sort of hypothetical research project." *Id.* (emphasis in original). But that is nothing more than speculative attorney argument in an opposition brief, which cannot form a basis for an infringement pleading. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

IPValue's claim that the papers presented at ISSCC relate to physical memory chips does not change the analysis. According to IPValue, the ISSCC paper referenced a chip "that had already been developed[.]" Opp. at 9. This motion does not quibble with that assertion. But IPValue's claim that the chip "was ready for production" is pure conjecture. *See id.* Just because Toshiba engineers in Yokohama (which manufactures the memory chips) discussed a physical chip in the ISSCC paper does not mean that the same chip, with the same technical features and functionality, became a component of any Sandisk or Western Digital product. Nothing in the ISSCC paper suggests that.

Moreover, even if the Court were to credit IPValue's argument that the same chip described by the ISSCC paper is found in Sandisk's or Western Digital's products (it should not),

---

[3] In any event, the description of ISSCC quoted in the Counterclaims suggests the conference is about cutting-edge research, not new commercial products. Counterclaim Pleading, ¶ 74. In full, the "About ISSCC" webpage in 2018 stated: "The International Solid-State Circuits Conference is the foremost global forum for presentation of advances in solid-state circuits and systems-on-a-chip. The Conference offers a unique opportunity for engineers working at the cutting edge of IC design and application to maintain technical currency, and to network with leading experts." https://web.archive.org/web/20180227043804/http:/isscc.org/about-isscc/. While this research may find its way into future commercial products, there is no reason to think it **necessarily** does. And IPValue agrees. Opp. at 10 (". . . it may be true that not *every* paper presented at the ISSCC describes a product that is ultimately brought to market. . . .") (emphasis in original).

6
COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL
CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

IPValue's Counterclaim for the '505 patent would still be deficient because all '505 patent claims are method claims. IPValue accuses the valley-tracking-read feature described in the ISSCC paper as infringing the '505 patent's method claims. IPValue's pleadings, however, do not allege any facts showing or suggesting that the memory chips used in any Sandisk or Western Digital product is capable of implementing the same valley-tracking-read feature as the chip described in the ISSCC paper, nor is there any plausible basis to allege that Sandisk or Western Digital (or any of their customers) *actually use* that feature in an infringing manner. *See Ormco Corp.*, 463 F.3d at 1311 (method claims can only be infringed by the performance of the method within the United States; the sale of a product that is merely capable of infringement is insufficient).

Next, IPValue claims that Sandisk's description of The Register article is "misleading" and "erroneous." Opp. at 9. But when the first paragraph of the article is read in full, it is evident that the article's reference to new products being "brought to market" refers to the Consumer Electronics Show ("CES"), not ISSCC:

> The great wheel of semiconductor life continues to turn. 'Tis the season to start gearing up for the International Solid State Circuits Conference in San Francisco. **The ISSCC event is the second event of each new year, following the Consumer Electronics Show, where new PC processors and sundry other computing gadgets are brought to market**. ISSCC is where the hard-core techies get to show off their etchings and their IQs, particularly with processors used in servers.

https://www.theregister.com/2010/12/01/isscc_2011_chip_preview (emphasis added). This reading is further buttressed by the final sentence of the paragraph (which IPValue conveniently omits from its Opposition), contrasting the ISSCC with CES, and saying that ISSCC is the place where "the hard-core techies get to show off their etchings and their IQs" while CES is the place where products are "brought to market."

Bottom line, when read in full without IPValue's clever editing, the import of The Register article is clear: CES is for bringing PC processors and computing gadgets to market, while ISSCC is for engineers working on cutting-edge chip technology. Accordingly, even if IPValue's arguments about the purpose of ISSCC were relevant to the Court's analysis of the motion to dismiss (they are not), those arguments should be rejected as unsupported by the

7

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP
3034913

allegations in the Counterclaim.

Finally, IPValue tries to rewrite its own allegations about which Sandisk and Western Digital products are actually accused. IPValue's Counterclaims accuse **all** Sandisk and Western Digital products made since the issuance of the '505 patent in November 2005. Counterclaim Pleading, ¶ 66. But the only "evidence" of infringement that IPValue points to for its '505 patent Counterclaim is the 2018 ISSCC paper. Even if the ISSCC paper described any actual Sandisk or Western Digital products or methods actually performed in the United States by Sandisk or Western Digital (it doesn't), IPValue cannot plausibly allege infringement of the '505 patent from 2005 to 2017 based on a proposed feature described in a 2018 conference paper.

The only excuse offered by IPValue for these incongruous allegations is that it is "fairly standard practice." Opp. at 11. But IPValue's attorney argument about "standard practice" does not satisfy the standards set by *Iqbal* and *Twombly*. Here, it is undisputed that IPValue has failed to plead any facts that tie any pre-2018 Sandisk or Western Digital products to the alleged infringement of the '505 patent. Similarly, IPValue has not alleged any facts suggesting that newer-generation products (*e.g.*, 112-layer products), as opposed to the 96-layer technology discussed in the ISSCC paper, use the accused valley-tracking-read feature. Therefore, at a minimum, IPValue's Counterclaim for the '505 patent should be dismissed as to any products beyond those using 96-layer chips. *See, e.g.*, *Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, 677 F. Supp. 3d 1079, 1085 (N.D. Cal. 2023) (where plaintiff accused various categories of products, "it must still provide sufficient allegations from which the Court can plausibly infer that all of Defendants' 'wafer handling system products' meet every element of at least one claim of each of the five Patents-in-Suit.") (citation omitted).

C.     **The parties' pre-suit negotiations do not establish plausibility under Rule 8.**

The only other purported "fact" on which IPValue relies to support its Counterclaim for infringement of the '505 patent is that in pre-suit negotiations, Western Digital failed to deny that the ISSCC paper covered its products. Opp. at 13. But Western Digital's alleged silence regarding the ISSCC paper evidences nothing, and cannot support an inference of liability, because it had no legal obligation or duty to say anything affirmative to IPValue about the paper during pre-suit

8

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

1  discussions. *See* Mot. at 11. Aware of this weakness, IPValue argues in its Opposition that
2  Western Digital's purported silence merely serves to bolster the ***other*** evidence it has already
3  mustered. Opp. at 13. But since that other evidence fails to plausibly plead infringement of the
4  '505 patent's method claims by either Sandisk or Western Digital, IPValue's add-on argument
5  about Western Digital's purported silence adds nothing under Rule 8. *Id*.

Nonetheless, IPValue attempts to distinguish the caselaw that confirms the irrelevance of Western Digital's purported silence. *Id*. *First*, contrary to what the Opposition suggests, the opening brief never argued that IPValue must "disprove" all alternative explanations. Opp. at 14. Instead, the opening brief stated that when there are two alternative explanations for a party's behavior, the party asserting infringement "cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." *Hernandez*, 263 F. Supp. 3d at 853 (cleaned up); *see also* Mot. at 11–12. Here, Western Digital's purported silence is consistent with multiple plausible (and non-incriminating) explanations, including that Western Digital simply chose not to speak. Therefore, it cannot be used to infer culpability.

IPValue then attempts to distinguish *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 338 (S.D.N.Y. 2003), which found that silence cannot be used as evidence of liability where there is no obligation to speak. *See* Opp. at 14. But all IPValue can muster is that *Helprin* was not a patent case, which misses the point. The common-sense holding of *Helprin* is that a defendant's silence in response to a plaintiff's assertion cannot be used to infer ***anything*** if the Defendant was under no duty to speak. Indeed, if the law was as IPValue suggests, plaintiffs everywhere would assert all sorts of outlandish things to a defendant (as IPValue has done here), and if the defendant does not specifically deny each allegation, the defendant's silence could be used as "facts" to support an otherwise deficient complaint. That cannot be (and is not) what *Twombly*, *Iqbal*, and *Bot M8* stand for. For these reasons, IPValue's reliance on pre-suit discussions cannot be credited.

**D.    After two futile attempts, IPValue should not be given leave to amend.**

IPValue has known about these pleading deficiencies for the '505 patent since April 3, 2025, and has already amended its '505 patent allegations ***twice*** to try to cure them. Mot. at 13.

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL
CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

This amendment history confirms that any further amendments would be futile.

While IPValue argues that none of the factors courts use to determine whether to allow an amended complaint apply here, Opp. at 15, that is not the question before this Court. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear … that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, **it is clear** IPValue has nothing left to offer in an amendment. Indeed, all IPValue can do is resort to mischaracterizing its amended complaint in the Central District case as "primarily to add Sandisk as a named defendant after the spinoff transaction." Opp. at 15. But that is not true. As a side-by-side comparison of the pleadings reveals, IPValue added four new paragraphs of allegations for its '505 patent infringement claim, including new assertions about the ISSCC and its "silence-as-admission" theory. *Compare* ECF No. 1 in Case No. 8:25-cv-00119-MWF(DFMx) (Complaint) at ¶¶ 61–72 *with* ECF No. 24 in Case No. 8:25-cv-00119-MWF(DFMx) (First Amended Complaint) at ¶¶ 63–78. Those amendments were made in direct response to a Rule 12(b)(6) motion Sandisk and Western Digital were about to file.

IPValue added even more allegations to its Counterclaim for infringement of the '505 patent, which were clearly made in response to a Rule 12(b)(6) motion that was pending before the Central District trial court (and left unresolved) when the Central District matter was stayed. *Compare* ECF No. 24 in Case No. 8:25-cv-00119-MWF(DFMx) *with* ECF No. 39. None of those amendments, however, supply the missing link in IPValue's '505 patent Counterclaim: any facts showing that the accused valley-tracking-read technique discussed in the ISSCC paper is actually used in the United States by Sandisk or Western Digital in any of their products. Since IPValue has already demonstrated that leave to amend would be futile, the Court should dismiss its Counterclaim for the '505 patent with prejudice, and without leave to amend.

### III.   CONCLUSION

For all of the foregoing reasons, and the reasons stated in the opening brief, Sandisk and Western Digital respectfully request that the Court dismiss IPValue's Counterclaim alleging direct, indirect, and willful infringement of the '505 patent, and that the dismissal be with prejudice, and without leave to amend.

| | | |
|---|---|---|
| Dated: August 27, 2025 | | KEKER, VAN NEST & PETERS LLP |
| | By: | */s/ Ajay S. Krishan* |
| | | AJAY S. KRISHNAN |
| | | RYAN K. WONG |
| | | ERIN E. MEYER |
| | | ERIC B. HANSON |
| | | STEPHANIE J. GOLDBERG |
| | | |
| | | Attorneys for Plaintiff and Counterclaim-Defendants SANDISK CORPORATION and WESTERN DIGITAL CORPORATION |

COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On August 27, 2025, I served the following document(s):

**COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

☑ by **ELECTRONICALLY POSTING** to the ECF website of the United States District Court, Northern District of California. The Court performed service electronically on all ECF-registered entities in this matter.

Brian D Ledahl
Mackenzie Paladino
Neil Alan Rubin
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
bledahl@raklaw.com
mpaladino@raklaw.com
nrubin@raklaw.com

Attorneys for Defendants

Executed on August 27, 2025, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Jennifer Behlmer
Jennifer Behlmer

12
COUNTERCLAIM-DEFENDANTS SANDISK CORPORATION'S AND WESTERN DIGITAL CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 5:25-CV-02389-PCP

3034913