KEKER, VAN NEST & PETERS LLP
AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
ERIC B. HANSON - # 254570
ehanson@keker.com
STEPHANIE J. GOLDBERG - # 328710
sgoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff SANDISK CORPORATION
and Counterclaim-Defendant WESTERN DIGITAL
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS, LTD.,<br><br>Defendants. | Case No. 5:25-CV-02389-PCP<br><br>**MOTION TO STAY DISCOVERY AND TO AMEND CASE SCHEDULE; AND FOR PROTECTIVE ORDER**<br><br>Date Filed:  March 7, 2025<br><br>Trial Date:  Not set |

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................2

II.   STATEMENT OF RELEVANT FACTS ............................................................3

III.  ARGUMENT........................................................................................................5

      A.    Discovery related to IPValue's infringement counterclaim for the '505 patent should be stayed until the Court resolves the pending motion to dismiss.........................................................................................................5

      B.    Discovery into the accused products and technology should be stayed until IPValue serves infringement contentions under Patent Local Rule 3-1. .................8

      C.    There is good cause to postpone Dr. Li's deposition and amend the parties' proposed case schedule to delay Patent Rule Disclosures for the '505 patent until the motion to dismiss is resolved.................................................................10

IV.  CONCLUSION..................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 ............................................................................................................... passim

*Bender v. Maxim Integrated Prods., Inc.*,
    No. C 09-01152 SI, 2010 WL 1135762 (N.D. Cal. Mar. 22, 2010) ...........................3, 8, 9, 10

*Braun v. Yahoo*,
    No. 17-cv-06294-SVK, 2018 WL 10809622 (N.D. Cal. Mar. 28, 2018) ..................................6

*Digital Reg of Tex., LLC v. Adobe Sys. Inc.*,
    No. CV 12-01971-CW (KAW), 2013 WL 633406 (N.D. Cal. Feb. 20, 2013)..................3, 8, 9

*Garcia v. Experian Info. Sols., Inc.*,
    No. 23-cv-04672-BLF, 2024 WL 1117912 (N.D. Cal. Mar. 13, 2024)................................7, 8

*Greenspan v. Musk*,
    No. 24-cv-04647-MMC, 2024 WL 4933334 (N.D. Cal. Dec. 2, 2024) ...................................8

*Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*,
    No. 16-00634, 2017 WL 11139576 (D. Haw. July 6, 2017) .................................................6, 7

*Jarvis v. Regan*,
    833 F.2d 149 (9th Cir. 1987) ...................................................................................................6

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*,
    No. 17-cv-04992-BLF, 2018 WL 11405618 (N.D. Cal. Oct. 9, 2018)..................................6, 8

*Mujica v. AirScan Inc.*,
    771 F.3d 580 (9th Cir. 2014) ........................................................................................2, 6, 8, 11

*In re Netflix Antitrust Litig.*,
    506 F. Supp. 2d 308 (N.D. Cal. 2007) ......................................................................................6

*Persian Gulf Inc. v. BP W. Coast Prods. LLC*,
    225 F. Supp. 3d 1178 (S.D. Cal. 2016)..................................................................................6, 8

*Rutman Wine Co. v. E.J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) ....................................................................................................7

*Tech. Props. Ltd. LLC v. Samsung Elecs. Co.*,
    114 F. Supp. 3d 842 (N.D. Cal. 2015) ................................................................................9, 10

**Rules**

Civil L.R. 8 ........................................................................................................2, 6, 7, 11

Fed. R. Civ. P. 12(b)(6)..................................................................................................................6

Fed. R. Civ. P. 26 ..............................................................................................................3, 10, 11

Fed. R. Civ. P. 30(b)(1).............................................................................................................5, 11

Patent L.R. 3-1 ..................................................................................................................... *passim*

Patent L.R. 3-4 ............................................................................................................................9

Patent L.R. 3-5 ...........................................................................................................................10

MOTION TO STAY DISCOVERY AND TO AMEND CASE SCHEDULE; AND FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3035311

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2025 at 10:00 a.m., or as soon thereafter as this matter can be heard, before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, in Courtroom 8 of the United States Courthouse located at 280 South First Street, San Jose, CA 95113, Plaintiff Sandisk Corporation ("Sandisk") and Counterclaim-Defendant Western Digital Corporation ("Western Digital") will, and hereby does, move the Court to stay discovery and amend the case schedule, and for a protective order to delay the deposition of Yan Li, the Vice President of Sandisk's Advanced Technology Group, until the pending motion to dismiss (ECF No. 40) is resolved, and until infringement contentions that comply with Patent Local Rule 3-1 have been served.

Sandisk and Western Digital seek the following relief: (1) A stay of discovery as to all patents-in-suit—or, at a minimum, as to U.S. Patent No. 6,963,505 ("the '505 patent"), until Sandisk's and Western Digital's pending motion to dismiss the infringement counterclaim for the '505 patent (ECF No. 40) is resolved; (2) a stay of technical discovery as to all patents-in-suit—or at least the '505 patent—until infringement contentions compliant with Patent Local Rule 3-1 have been served on Sandisk and Western Digital; (3) a modification of the parties' stipulated case schedule (ECF No. 34) to delay Patent Local Rule disclosures for the '505 patent until the pending motion to dismiss the infringement counterclaim for that patent (ECF No. 40) is resolved; and (4) a protective order delaying the deposition of Yan Li, the Vice President of Sandisk's Advanced Technology Group, until the pending motion to dismiss (ECF No. 40) is resolved and until infringement contentions compliant with Patent Local Rule 3-1 have been served on Sandisk and Western Digital.

The Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the attached declarations, the pleadings on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**[1]

Discovery cannot be used to cure pleading deficiencies, nor may a patentee take discovery into an accused infringer's products before serving infringement contentions under this District's Patent Local Rules. But that is precisely what IPValue[2] seeks to do here by noticing an early September deposition of Yan Li, a senior Sandisk engineer, while a motion to dismiss IPValue's infringement counterclaim for the '505 patent is pending, and nearly a month before infringement contentions are due. The Court should stay discovery into the accused products and grant a protective order to postpone Dr. Li's deposition until after the pleadings are settled and IPValue identifies the asserted claims (of the patents that remain) and serves its infringement contentions.

*First*, the Supreme Court and Ninth Circuit require that "plaintiffs must satisfy the pleading requirements of Rule 8 **before** the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (emphasis in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79; 686 (2009)). Therefore, if a patent-infringement counterclaim is deficient under Rule 8, the patentee "is not entitled to discovery, cabined or otherwise" into that claim. *See Iqbal*, 556 U.S. at 686. Here, IPValue's infringement counterclaim for the '505 patent fails under Rule 8 because it relies solely on a conference paper, authored primarily by Toshiba engineers, that fails to discuss **any** Sandisk or Western Digital products. *See* ECF No. 40 (Motion to Dismiss). The only discernable reason IPValue has noticed Dr. Li's deposition for September 8—**before** oral argument on the motion to dismiss—is to take discovery into that conference paper and the accused products, as Dr. Li was the associate chair of the conference session where the paper was presented. This brazen attempt by IPValue to circumvent Rule 8 and use discovery to try to cure its '505 patent infringement counterclaim is barred by *Mujica* and *Iqbal*. The Court should grant the relief sought by Sandisk and Western Digital for this reason alone.

*Second*, "[c]ourts in this district generally do not order defendants to proceed with

---

[1] This introduction provides a statement of the issues to be decided under Civil L.R. 7-4(a)(3).

[2] Defendants/Counterclaim-Plaintiffs IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd. are referred to collectively as "IPValue" in this brief.

discovery in patent cases until the plaintiff provides infringement contentions that comply with Patent L.R. 3–1." *Digital Reg of Tex., LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW (KAW), 2013 WL 633406, at *5 (N.D. Cal. Feb. 20, 2013). This orderly approach is "designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims" so that "the Court can make a principled decision on whether discovery [into the accused products] will proceed." *See Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010). Here, IPValue has not served infringement contentions for ***any*** of the patents-in-suit. Moreover, if the '505 patent counterclaim is dismissed, no contentions for that patent will be necessary, which will streamline the case further. This is a further reason why discovery into the accused products should be stayed, and Dr. Li's deposition should be postponed.

Each of these points provide good cause to grant the protective order sought by Sandisk, who seeks only to postpone Dr. Li's deposition for a short period of time until after the pending motion to dismiss is resolved and infringement contentions compliant with Patent Local Rule 3-1 have been served for the patents that remain. Accordingly, Sandisk and Western Digital ask the Court to grant the relief sought by this motion.

## II.   STATEMENT OF RELEVANT FACTS

Sandisk filed this action against IPValue on March 7, 2025, seeking a declaration that it does not infringe any of the patents-in-suit. ECF No. 1 ("Compl."). This action was prompted, in substantial part, by a patent-infringement lawsuit filed by IPValue against Western Digital in the Central District of California that involved the same patents-in-suit. *See* Compl. ¶ 18.

This Court set an initial case management conference for June 5, 2025. ECF No. 11. Prior to that conference, the parties met and conferred as required by this District's Standing Order for All Judges in the Northern District of California, the Civil Local Rules, and Rule 26(f) of the Federal Rules of Civil Procedure. Wong Decl. ¶ 2.[3]

On May 29, 2025, following the parties' Rule 26(f) conference, IPValue filed a motion to

---

[3] Declaration of Ryan Wong in Support of Sandisk's and Western Digital's Motion to Stay Discovery and to Amend the Case Schedule; and for Protective Order ("Wong Decl.").

dismiss, transfer, or stay this action under the first-to-file rule, and did not file counterclaims for patent infringement. ECF No. 25. That same day, Sandisk served limited written discovery seeking information from IPValue about the patent-infringement assertions that it intended to pursue against Sandisk. Wong Decl. ¶ 3.

At the June 5 case management conference, Sandisk informed the Court that it had filed a motion in the Central District lawsuit to stay that litigation in favor of the Northern District declaratory-judgment action, and that a hearing before Judge Fitzgerald in the Central District was set for June 30th. *See* ECF No. 44 (Transcript of CMC) at 10:8–15. Given the pending venue motions, on June 22, 2025, IPValue requested a 30-day extension to respond to Sandisk's discovery requests. Wong Decl. ¶ 4. Sandisk agreed to the extension. *Id.*

On July 2, 2025, the Central District trial court granted Sandisk's and Western Digital's motion to stay the Central District action in its entirety and directed the parties to proceed in this litigation. ECF No. 36, Ex. A (the "C.D. Cal. Order"). The parties then submitted a proposed case schedule to this Court on July 3, 2025, with competing dates for certain deadlines, but an agreed deadline of September 30, 2025, for infringement contentions under Patent Local Rule 3-1. ECF No. 34. That proposed case schedule has not yet been ruled on, and therefore **no case schedule** has been entered in this action. Given the Central District trial court's ruling, IPValue also agreed to withdraw the venue motion it had filed in this Court, and file responsive pleadings (*e.g.*, patent-infringement counterclaims). ECF No. 37.

IPValue filed its patent-infringement counterclaims against Sandisk and Western Digital for all patents-in-suit on July 16, 2025. ECF No. 39. Two weeks later, IPValue served objections (and only objections) to interrogatories it received on the grounds that they were "premature" and "served before the parties have exchanged infringement contentions," and stated that they would respond "in accordance with the Case Management Schedule." Wong Decl. ¶ 5. IPValue did not respond at all to the document requests. *Id.* Consistent with the instant motion, Sandisk has refrained from pushing IPValue to supplement (or respond in the first instance to) these discovery requests until the Court provides guidance on how discovery should proceed.

On August 6, 2025, Sandisk and Western Digital filed a motion to dismiss IPValue's

4
MOTION TO STAY DISCOVERY AND TO AMEND CASE SCHEDULE; AND FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3035311

claims of direct, indirect, and willful infringement as to the '505 patent. ECF No. 40. As discussed in that motion, IPValue's infringement allegations for the '505 patent fail under *Iqbal* and *Twombly* because they are premised on a conference paper—written primarily by Toshiba engineers—that does not describe any Sandisk or Western Digital product. *See id*. The motion also explained that Sandisk and Western Digital had already raised these pleading deficiencies multiple times with IPValue, including in a motion to dismiss filed in the Central District litigation, and that IPValue had amended its allegations **twice** (in an amended complaint in the Central District, and in its counterclaims here) to try to cure these pleading defects. *See id.* at 13.

Three days after Sandisk and Western Digital filed their motion to dismiss, IPValue served a Rule 30(b)(1) deposition notice for a September 8, 2025 deposition of Yan Li. Wong Decl. ¶ 6. The motion to dismiss is scheduled for oral argument on September 11, 2025. *See* ECF No. 40. Dr. Li is the Vice President of Sandisk's Advanced Technology Group, and served as the associate chair for Session 20 of the 2018 IEEE International Solid-State Circuits Conference (ISSCC). Wong Decl. ¶ 6. The ISSCC conference paper underlying IPValue's infringement counterclaim for the '505 patent was presented in Session 20 of the 2018 ISSCC conference. *Id.* ¶ 6, Ex. 1.

On August 15, 2025, counsel for Sandisk and Western Digital asked IPValue's counsel to meet and confer over Dr. Li's deposition. *Id.* ¶ 7. IPValue did not respond, prompting a second request on August 18, 2025. *Id.* The parties spoke by telephone on August 21, 2025 (the earliest date offered by IPValue). *Id.* The day before the parties met and conferred, counsel for Sandisk and Western Digital emailed IPValue's counsel with a summary of the primary legal authority cited in this motion, and requested that Dr. Li's deposition be postponed for the reasons stated herein. *Id.* After discussing the matters by telephone, counsel for IPValue refused to postpone Dr. Li's deposition or agree to stay discovery into the accused products, prompting Sandisk and Western Digital to file this motion. *Id.*

### III.   ARGUMENT

#### A.   Discovery related to IPValue's infringement counterclaim for the '505 patent should be stayed until the Court resolves the pending motion to dismiss.

"District courts have broad discretion to stay discovery pending the resolution of a

potentially dispositive motion, including a motion to dismiss." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007); *see also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). Consistent with this discretion, "a court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding discovery or specifying the terms, including time and place or the allocation of expenses, upon which discovery may proceed." *Braun v. Yahoo*, No. 17-cv-06294-SVK, 2018 WL 10809622, at *2 (N.D. Cal. Mar. 28, 2018) (citing Fed. R. Civ. P. 26(c)(1)).

Where a motion to dismiss under Rule 12(b)(6) is pending, a stay of discovery is warranted, at least with respect to the claims being challenged. As the Ninth Circuit explained in *Mujica*, "[t]he Supreme Court has stated … that plaintiffs must satisfy the pleading requirements of Rule 8 **before** the discovery stage, not after it." *Mujica*, 771 F.3d at 593 (citing *Iqbal*, 556 U.S. 678–79) (emphasis in original). Indeed, in *Iqbal*, the Supreme Court made clear that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and, therefore, if a "complaint is deficient under Rule 8, [a plaintiff] is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 678–79, 664-65.

Courts in this District have interpreted this authority to "prohibit plausibility discovery which would be barred by *Iqbal* and *Mujica*." *See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 17-cv-04992-BLF, 2018 WL 11405618, at *3 (N.D. Cal. Oct. 9, 2018)[4]; *see also Braun,* 2018 WL 10809622, at *4 (citing *Mujica* and *Iqbal*, and concluding: "Here, the Court will first determine whether Plaintiff can plead a plausible claim in an amended complaint that complies with the direction provided in this order before discovery will proceed."). Other courts within the Ninth Circuit have reached the same conclusion. *See, e.g.*, *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016) ("The unambiguous directive in *Iqbal* and *Mujica* does not allow the court discretion to order pre amendment plausibility discovery."); *Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*, No. 16-00634

---

[4] Plausibility discovery refers to discovery into the merits of the challenged claim, *i.e.,* discovery into facts that could support a plausible claim under Rule 8. *See Monterey Bay*, 2018 WL 11405618, at *3 (explaining that plausibility discovery is barred by *Mujica* and *Iqbal*, but jurisdictional discovery is not).

JMS-KJM, 2017 WL 11139576, at *2 (D. Haw. July 6, 2017) ("The law is well settled that a plaintiff is not entitled to discovery it might need to state a plausible claim for relief.").

Courts in this District also apply the following two-part test to evaluate whether a stay of discovery is warranted when a dispositive motion is pending. *See, e.g.*, *Garcia v. Experian Info. Sols., Inc.*, No. 23-cv-04672-BLF, 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024). *First*, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and *second*, "the court must determine whether the pending motion can be decided absent additional discovery." *See id*.

Here, Sandisk and Western Digital have filed a motion to dismiss IPValue's counterclaim of infringement of the '505 patent for failing to satisfy the requirements of Rule 8. ECF No. 40. If Sandisk and Western Digital prevail in dismissing that counterclaim with prejudice,[5] IPValue will have no infringement claim for the '505 patent in this case, and the dismissal with prejudice will effectively resolve Sandisk's declaratory-judgment claim of non-infringement for that patent. If that happens, the parties will not have to "undergo the expense of discovery" related to the '505 patent, which will streamline the case for the parties and the Court. *See Rutman Wine Co. v. E.J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

Moreover, the *only* discernable reason IPValue has noticed Dr. Li's deposition for September 8, 2025, and is insisting that the deposition take place *before* the motion to dismiss is resolved (indeed, before the September 11 oral argument), is to take plausibility discovery into its infringement counterclaim for the '505 patent, as Dr. Li was the associate chair of the conference session where the ISSCC paper underlying the deficient '505 patent-infringement assertions was presented. Wong Decl. ¶ 6. There can be no doubt that IPValue seeks to question Dr. Li about that conference paper with the goal of uncovering facts to make its infringement claim plausible.

---

[5] Sandisk and Western Digital's motion to dismiss asks the Court to dismiss IPValue's claim with prejudice and without leave to amend, as IPValue has already attempted to amend its allegations twice in response to a threatened, and filed (in the Central District) motion to dismiss. *See* ECF No. 40 at 13.

Such discovery, however, is barred under *Iqbal* and *Mujica*. *See Monterey Bay*, 2018 WL 11405618, at *3; *see also Persian Gulf*, 225 F. Supp. 3d at 1180 ("The Plaintiffs are not entitled to discovery in order to allege sufficient facts to 'nudge its claim across the line from conceivable to plausible.'") (citation omitted). Therefore, Sandisk's and Western Digital's motion passes the two-part test articulated in *Garcia*: the pending motion to dismiss is potentially dispositive with respect to the '505 patent infringement counterclaim, and under *Iqbal* and *Mujica*, the pending motion must be decided without allowing IPValue any plausibility discovery. *See Garcia*, 2024 WL 1117912, at *2 (granting a motion to stay discovery under the two-part test until a motion to compel arbitration is resolved); *Greenspan v. Musk*, No. 24-cv-04647-MMC, 2024 WL 4933334, at *1 (N.D. Cal. Dec. 2, 2024) (citing *Mujita* and *Iqbal* and granting a motion to stay discovery under the two-part test until a motion to dismiss, brought under Rule 8, is resolved).

Finally, to the extent IPValue seeks to question Dr. Li about the other patents-in-suit (not the '505 patent), as explained in the next section, courts in this District generally wait until infringement contentions have been served before allowing technical discovery into the accused products. For these reasons, plausibility discovery as to the '505 patent must be stayed under *Iqbal* and *Mujica*, and there is good cause to stay or postpone the deposition of Dr. Li until the pending motion to dismiss is resolved, and—as explained below—until infringement contentions under Patent Local Rule 3-1 have been served.

**B.     Discovery into the accused products and technology should be stayed until IPValue serves infringement contentions under Patent Local Rule 3-1.**

As a general rule, courts in this District also do not permit discovery into an accused patent infringer's products and technology until infringement contentions compliant with Patent Local Rule 3-1 have been served. *See Digital Reg of Tex.*, 2013 WL 633406, at *5 ("Courts in this district generally do not order defendants to proceed with discovery in patent cases until the plaintiff provides infringement contentions that comply with Patent L.R. 3–1.").

The purpose of this rule, and the Patent Local Rules as a whole, is to maximize efficiency for the parties and to streamline the litigation process for all involved. *See Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) ("The overriding principle of the Patent Local Rules is that they are designed [to] make the

parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims."). Therefore, until a patentee "meets the burden of providing infringement contentions compliant with Patent L.R. 3-1, the Court will not order [a] defendant to proceed with discovery." *See id.*; *see also Tech. Props. Ltd. LLC v. Samsung Elecs. Co.*, 114 F. Supp. 3d 842, 852 (N.D. Cal. 2015) (denying technical and damages-related discovery into an accused infringer's products "[b]ecause Courts in this district generally do not order defendants to proceed with discovery in patent cases until the plaintiff provides infringement contentions that comply with Patent L.R. 3–l"). Indeed, it is the service of infringement contentions and related information under Patent Local Rule 3-1 that triggers the deadline for an accused infringer to produce technical, licensing, and revenue-related discovery for the accused instrumentalities identified by the patentee's Patent Local Rule 3-1 disclosures. *See* Patent L.R. 3-4(a), (c), (d).

Here, IPValue has ***not*** served its infringement contentions under Patent Local Rule 3-1 for any of the patents-in-suit. For that reason alone, the Court should stay discovery into the accused Sandisk and Western Digital products and technologies—which includes the noticed deposition of Dr. Li—until after IPValue serves infringement contentions compliant with the Patent Local Rules. *See Bender,* 2010 WL 1135762, at *2; *Digital Reg of Tex.,* 2013 WL 633406, at *5; *Tech. Props. Ltd.*, 114 F. Supp. 3d at 852. It would be the epitome of inefficiency—and contrary to purpose of this District's Patent Local Rules—to prepare Dr. Li (or any Sandisk engineer) to testify about Sandisk's flash memory technology without any identification by IPValue of the asserted claims, and without fair and adequate notice of IPValue's infringement contentions for the patents-in-suit and for each accused product. Indeed, given that IPValue's Counterclaims broadly accuse entire categories of products, including "without limitation, Counterclaim Defendants' SSDs, OptiNAND HDDs, USB Flash Drives, Embedded Flash, and Memory Cards containing 3D NAND flash memory, and all versions and variations thereof" (*see* ECF No. 39 ("Counterclaims") at ¶¶ 21, 37, 51, 66, 84), this underscores the burden, expense, inefficiency, and prejudice that Sandisk would suffer if Dr. Li is forced to sit for a technical deposition before any infringement contentions have been served.

During the parties' meet-and-confer discussion regarding this motion, IPValue's only arguments for why Dr. Li's deposition should proceed were (1) discovery has been open since the parties' Rule 26(f) conference in advance of the initial case management conference; and (2) any discovery into the accused products is allowed since Sandisk served a declaratory judgment complaint. Neither argument has merit. *First*, parties are always required to hold a Rule 26(f) conference in advance of an initial case management conference, and the initial case management conference typically triggers the deadlines under the Patent Local Rules. Therefore, it is always the case that "discovery is open" when the disclosures under the Patent Local Rules come due. Nevertheless, courts in this District still require a patentee to provide infringement contentions under Patent Local Rule 3-1 before an accused infringer is required to provide discovery into accused products. *See, e.g.*, *Tech. Props. Ltd.*, 114 F. Supp. 3d at 852.

*Second*, the fact that Sandisk filed this case as a declaratory judgment action does not impact how the Patent Local Rules operate. The only scenario where the Patent Local Rules are modified is where the plaintiff's complaint seeks a declaratory judgment of invalidity, and **no** claim of infringement is asserted by the patentee in the answer. *See* Patent L.R. 3-5(a), (b). Here, Sandisk did not seek a declaratory judgment of invalidity in its complaint, and IPValue filed counterclaims of patent infringement. Therefore, the *Bender, Digital Reg of Texas,* and *Tech. Props. Ltd.* decisions apply equally to this case.

Finally, after serving its infringement counterclaims in this case, IPValue took the position that discovery into its patent-infringement counterclaims is premature until it serves infringement contentions under the Patent Local Rules. *See* Wong Decl. ¶ 5. Sandisk agrees for the reasons stated herein, and the relief it seeks in this motion is consistent with the positions IPValue has taken on patent-related discovery. Therefore, the Court should stay discovery into the accused products and technology (including Dr. Li's deposition) until after IPValue serves infringement contentions that are compliant with Patent Local Rule 3-1.

### C. There is good cause to postpone Dr. Li's deposition and amend the parties' proposed case schedule to delay Patent Rule Disclosures for the '505 patent until the motion to dismiss is resolved.

For all of the foregoing reasons, good cause supports granting Sandisk's motion for a

protective order and postponing Dr. Li's noticed deposition under Rule 30(b)(1) until after the pending motion to dismiss is resolved and IPValue serves its infringement contentions. *See* Fed. R. Civ. P. 26(c)(1). If the deposition proceeds on the noticed date of September 8, 2025, Sandisk and Western Digital will be prejudiced because IPValue will use the deposition for an improper purpose: namely, to take "plausibility discovery" to try to circumvent the pleading requirements of Rule 8, which the Supreme Court and Ninth Circuit forbid. *See Mujica,* 771 F.3d at 593; *Iqbal*, 556 U.S. at 678–79; 686. In addition, Sandisk will be prejudiced because it will be unable to properly prepare Dr. Li for her deposition with fair and adequate notice of the asserted patent claims, the accused products, or IPValue's infringement theories under the Patent Local Rules. Instead, Dr. Li will need to be prepared for any and all questions, unduly burdening both counsel and the witness while maximizing expense and inefficiency.

IPValue, by contrast, will not be prejudiced as the premature discovery it seeks is not permitted under *Mujica* and *Iqbal*, or before it serves infringement contentions under the Local Patent Rules. And since the parties' proposed case schedule sets a deadline of September 30, 2025, for IPValue to serve its infringement contentions under Patent Local Rule 3-1, Sandisk is only seeking a short postponement of Dr. Li's deposition. *See* ECF No. 34. Assuming IPValue serves infringement contentions on September 30, 2025 and the pending motion to dismiss is resolved by that time, any prejudice to IPValue by postponing Dr. Li's deposition is minimal. The Court should therefore grant the protective order that Sandisk seeks by this motion.

As to the parties' proposed case schedule, *see* ECF No. 34, Sandisk respectfully requests that the Court enter the case schedule—after resolving the competing deadlines therein—with one modification given the pending motion to dismiss: the parties' Patent Local Rule disclosures for the '505 patent should be triggered to commence either on September 30, 2025 (which is the currently proposed deadline for IPValue to serve its infringement contentions) or two weeks after the pleadings for the '505 patent are resolved (*i.e.*, the counterclaim is dismissed with prejudice or

survives the pending motion to dismiss), whichever is later.[6]  The deadlines that follow under the Patent Local Rules (*e.g.*, invalidity contentions) for the '505 patent will correspondingly change if the infringement contentions for that patent are served after September 30, 2025.  This will ensure that neither party expends unnecessary resources on patent-related contentions for the '505 patent if the motion to dismiss is granted.

## IV.     CONCLUSION

For the foregoing reasons, the Court should grant Sandisk's and Western Digital's motion and stay discovery into the accused products and technology until the pending motion to dismiss and pleadings for the '505 patent are resolved, and until IPValue serves infringement contentions under Patent Local Rule 3-1.  At a minimum, the Court should stay plausibility discovery as to the '505 patent under Supreme Court and Ninth Circuit precedent.  Finally, the Court should grant Sandisk's motion for a protective order and postpone Dr. Li's deposition for all of the reasons stated herein.

Dated: August 28, 2025                                          KEKER, VAN NEST & PETERS LLP

                                                                By:    */s/ Ryan K. Wong*
                                                                        AJAY S. KRISHNAN
                                                                        RYAN K. WONG
                                                                        ERIN E. MEYER
                                                                        ERIC B. HANSON
                                                                        STEPHANIE J. GOLDBERG

                                                                        Attorneys for Plaintiff SANDISK
                                                                        CORPORATION
                                                                        and Counterclaim-Defendant WESTERN
                                                                        DIGITAL CORPORATION

---

[6] If the Court grants the pending motion to dismiss with leave to amend, it should require IPValue to file a Motion for Leave to Amend its '505 Patent Counterclaim with its proposed amendments, which Sandisk and Western Digital can then oppose (or not oppose, depending on what it alleges).  Under this scenario, discovery into the '505 patent should remain stayed until that motion is resolved.