Brian Ledahl (CA SBN 186579)
bledahl@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

*Attorneys for Defendants and Counterclaim Plaintiffs*
*IPValue Management, Inc. and Longitude Flash*
*Memory Solutions Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS LTD.,<br><br>Defendants.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS LTD.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION and SANDISK CORPORATION,<br><br>Counterclaim Defendants. | Case No. 5:25-CV-02389-PCP<br><br>**DEFENDANTS/COUNTERCLAIM PLAINTIFFS' OPPOSITION TO MOTION TO STAY DISCOVERY AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER**<br><br><u>Hearing:</u><br>Hon. P. Casey Pitts<br>Courtroom 8<br>October 2, 2025<br>10:00 am |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND .............................................................................................................. 2
   A. Procedural Background ....................................................................................... 2
   B. Sandisk and Western Digital's Motion to Dismiss .............................................. 3
   C. The Discovery at Issue ........................................................................................ 4
III. LEGAL STANDARD ...................................................................................................... 5
IV. ARGUMENT .................................................................................................................... 6
   A. The Mere Pendency of a Motion to Dismiss One Counterclaim Is Not a Sufficient Basis to Stay Fact Discovery on All Five Asserted Patents ..................................... 6
   B. Sandisk and Western Digital's Broad Request to Stay All Discovery into the Accused Products Is Improper Under Patent L.R. 2-5 ........................................... 10
   C. Sandisk and WD Have Failed to Show Good Cause to Stay Dr. Li's Properly-Noticed Deposition and Further Amend the Court's Case Management Order .... 13
V. CONCLUSION ............................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 7

*Bender v. Maxim Integrated Prods., Inc.*,
  No. C09-01152 SI, 2010 WL 1135762 (N.D. Cal. Mar. 22, 2010) ........................................... 10

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir.1975) ...................................................................................................... 5

*Digital Reg of Texas, LLC v. Adobe Sys. Inc.*,
  No. CV 12-01971-CW KAW, 2013 WL 633406 (N.D. Cal. Feb. 20, 2013) ............................ 11

*Foman v. Davis*,
  371 U.S. 178 (1962) .................................................................................................................. 9

*Garcia v. Experian Info. Sols., Inc.*,
  No. 23-CV-04672-BLF, 2024 WL 1117912 (N.D. Cal. Mar. 13, 2024) .................................... 8

*Gray v. First Winthrop Corp.*,
  133 F.R.D. 39 (N.D. Cal. 1990) ...................................................................................... 5, 6, 10

*Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*,
  No. CV 16-00634 JMS-KJM, 2017 WL 11139576 (D. Haw. July 6, 2017) ............................. 8

*Intex Recreation Corp. v. Bestway USA, Inc.*,
  No. LA CV19-08596 JAK (Ex), Dkt. 323 (C.D. Cal. Sept. 6, 2024) ....................................... 10

*IPValue Mgmt., Inc. et al. v. Western Digital Corp. et al.*,
  No. 8:25-CV-00119-MWF (DFMx) ("CDCal Action"), Dkt. 1 (C.D. Cal. Jan. 22, 2025) ......... 2

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*
  No. 17-CV-04992-BLF, 2018 WL 11405618 (N.D. Cal. Oct. 9, 2018) .................................... 7

*Mujica v. AirScan Inc.*,
  771 F.3d 580 (9th Cir. 2014) ..................................................................................................... 7

*Persian Gulf Inc. v. BP W. Coast Prods. LLC*,
  225 F. Supp. 3d 1178 (S.D. Cal. 2016) ..................................................................................... 8

*Rivera v. NIBCO, Inc.*,
  364 F.3d 1057 (9th Cir. 2004) ................................................................................................... 5

*Sage Electrochromics, Inc. v. View, Inc.*,
  No. 12-CV-6441-JST, 2014 WL 1379282 (N.D. Cal. Apr. 8, 2014) ......................................... 9

*Synopsys, Inc. v. Avatar Integrated Sys., Inc.*,
  No. 20-cv-04151-WHO (LB), Dkt. 63 (N.D. Cal. Dec. 30, 2020) ........................................... 11

*Tech. Props. Ltd. LLC v. Samsung Elecs. Co.*,
  114 F. Supp. 3d 842 (N.D. Cal. 2015) ..................................................................................... 10

*Uniloc USA, Inc. v. Apple Inc.*,
  No. C 18-00359 WHA, Dkt. 104 (N.D. Cal. May 30, 2018) ................................................... 11

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 6

Fed. R. Civ. P. 26(a)(1) .................................................................................................................. 5

## I. INTRODUCTION

Counterclaim Defendants' ("Sandisk/WD") motion to stay all technical discovery into the accused products, including the properly noticed deposition of senior Sandisk employee Yan Li, is inconsistent with the Federal Rules of Civil Procedure, the Patent Local Rules, and this Court's Case Management Order. Discovery has been open for several months. And Patent L.R. 2-5 expressly prohibits a party from objecting to discovery as premature under the schedule set forth in the Patent Local Rules unless such discovery falls under one of the enumerated exceptions—none of which apply here. Sandisk/WD's request to stay discovery pending service of Counterclaim Plaintiffs' ("IPValue") infringement contentions runs afoul of this rule and should be denied.

The mere fact that Sandisk/WD have moved to dismiss one counterclaim as to one of the five asserted patents also does not support the requested discovery stay. The motion to dismiss is without merit and should be denied. Moreover, the '505 patent at issue will remain in this case regardless of the outcome of the motion to dismiss, as Sandisk has asserted a claim for declaratory judgment of non-infringement of the '505 patent. The motion to dismiss will not dispose of *any issue* in this case, much less the entire case.

Sandisk/WD's assertions that IPValue has only noticed the deposition of Dr. Li in order to take "plausibility discovery" are completely unsupported. There is no dispute that Dr. Li has knowledge relevant to the categories of products identified in Sandisk's complaint for all five asserted patents, not just the '505 patent. Sandisk/WD's apparent concern that she might also reveal information that undermines their extraordinary request for dismissal without leave to amend and *with prejudice*—despite that IPValue's claims against Sandisk/WD have never been deemed deficient in any court, and that IPValue has never amended its counterclaims in this case—is not a legitimate basis to stay all technical discovery or delay a properly noticed fact deposition of an employee witness. IPValue is entitled to take discovery to defend against Sandisk/WD's DJ claims and support its counterclaims.

Sandisk/WD's motion should be denied.

## II.  BACKGROUND

### A.  Procedural Background

On January 22, 2025, IPValue filed a patent infringement suit against Western Digital in the Central District of California. *IPValue Mgmt., Inc. et al. v. Western Digital Corp. et al.*, No. 8:25-CV-00119-MWF (DFMx) ("CDCal Action"), Dkt. 1 (C.D. Cal. Jan. 22, 2025). The complaint alleged infringement of five patents that generally relate to computer flash memory and storage devices: United States Patent Nos. 8,633,537 ("'537 patent"), 9,929,240 ("'240 patent"), 11,456,365 ("'365 patent"), 6,963,505 ("'505 patent"), and 7,671,664 ("'664 patent"). *Id.*

Sandisk subsequently separated from Western Digital in a "spin-off" transaction, and on April 9, 2025—before Western Digital responded to the initial complaint—IPValue filed a first amended complaint adding Sandisk as a defendant. CDCal Action, Dkt. 24.

On March 7, 2025, Sandisk filed this declaratory judgment action seeking a declaration of non-infringement of the same five patents IPValue asserted in the first-filed CDCal Action— including the '505 patent at issue in this discovery dispute—and with respect to the same accused products. Dkt. 1. Pursuant to a motion to dismiss or stay filed by Sandisk/WD, the CDCal Action was stayed pending resolution of this DJ action. CDCal Action, Dkt. 42. Accordingly, on July 16, 2025, IPValue answered the DJ claims and filed patent infringement counterclaims against Sandisk and Western Digital on the five patents-in-suit. The patent infringement dispute that originated in the Central District was effectively transferred to this District.

The initial case management conference in this case was held on June 5, 2025. Dkt. 29. Prior to the CMC, the parties submitted proposed case schedules. Dkt. 28. In Sandisk's proposal, Sandisk took the position that "this case should proceed under the standard deadlines set forth in this Court's Local Rules and Patent Local Rules," and that there is "no basis to depart from the standard deadlines, which were triggered by default months ago, when the Court issued its order scheduling the Initial Case Management Conference for June 5, 2025." *Id.* at 1. Sandisk further asserted that delaying disclosures pending IPValue's motion to dismiss "wholly ignores the reality that both parties will need to undertake the work for these filings regardless of which forum the case ultimately proceeds in," and "[t]here is no reason for further delay." *Id.* In other words, Sandisk

was adamantly opposed to departing from standard case schedule and delaying proceedings pending IPValue's motion to dismiss. But Sandisk/WD have now reversed course and seek to stay *all* discovery on the patents-in-suit and accused products, and amend the case schedule to delay disclosures under the Patent Local Rules, pending their own motion to dismiss that only covers one counterclaim.

Under the Case Management Order entered on September 2, 2025, IPValue's infringement contentions for all patents except the '505 patent are due on September 30. Dkt. 48. The contentions deadline for the '505 patent is "to be ordered by the Court." *Id.*

### B. Sandisk and Western Digital's Motion to Dismiss

On August 6, 2025, Sandisk/WD filed a motion to dismiss only the '505 patent infringement claims—though Sandisk still seeks a declaratory judgment of non-infringement of the '505 patent.[1] Dkt. 40. They do not challenge the sufficiency of the other four patent infringement counterclaims.

As set forth in detail in IPValue's opposition to the motion to dismiss (Dkt. 43), Sandisk/WD's motion rests on false and misleading characterizations of the alleged facts, which *at best* raise fact issues inappropriate for resolution on a motion to dismiss—namely, whether Sandisk's products in fact utilize the 96L NAND flash memory technology disclosed in an article authored by Toshiba and SanDisk engineers and presented at the International Solid-State Circuits Conference (ISSCC) in 2018. The entire premise of Sandisk/WD's motion is that the ISSCC 2018 96L Paper was merely an "academic paper," and that the ISSCC is merely a "scientific conference." Setting aside the fact that these assertions are patently false and easily disproven by public documentation, some of which is cited in the counterclaims themselves, Sandisk/WD's arguments improperly contradict the counterclaims' express allegations, which must be taken as true on a motion to dismiss.[2]

---

[1] Sandisk/WD filed a motion to dismiss as to all five patents in the CDCal Action. The Central District denied their motion to dismiss without prejudice in the same order granting their request to stay pending resolution of this case. CDCal Action, Dkt. 42.

[2] As noted in IPValue's opposition, Western Digital has a history of misleading the Court by submitting false statements about the functionality of its products and withholding infringement evidence. In *MR Technologies, GMBH v. Western Digital Technologies, Inc.*, No. 8:22-CV-01599-

Sandisk/WD also misleadingly argued in their motion to dismiss that IPValue should not be given leave to amend because it has already amended twice. But IPValue has not amended the counterclaims in this case. Further, IPValue's first and only voluntary amendment of the complaint in the *CDCal Action* was primarily aimed at adding Sandisk as a defendant after the spinoff transaction. Sandisk/WD's request that the Court deny leave to amend counterclaims that have never been amended and that have never been deemed deficient by any court, and without any attempt to show prejudice, is contrary to this Court's liberal policy of allowing amendment pursuant to Rule 15. IPValue submits that it has plausibly alleged infringement of the '505 patent and that, under controlling precedent, Sandisk/WD's motion to dismiss is likely to be denied.

### C. The Discovery at Issue

Discovery in this case has been open since May 2025. Accordingly, IPValue properly noticed a Rule 30(b)(1) deposition of Yan Li, Vice President of Sandisk's Advanced Technology Group, for September 8, 2025. Dr. Li has been at Sandisk for over 27 years and is in charge of the flash memory products that are at issue in this case. *See* Exs. 1–3. Contrary to Sandisk/WD's baseless assertions, the deposition is neither "early" nor was it noticed for the purpose of "curing pleading deficiencies." IPValue's counterclaims are not deficient. And Dr. Li is likely to have knowledge regarding the accused products that is relevant to both Sandisk's DJ claims and IPValue's counterclaims as to all five asserted patents—not just the '505 patent.

IPValue served the deposition notice on August 6, 2025. Sandisk/WD then waited until August 28—more than 3 weeks after the notice was served and just five court days before the deposition—to file their motion to stay discovery and for a protective order. Sandisk/WD noticed the motion hearing for October 2, which conveniently falls right *after* the date that IPValue's infringement contentions are due. Their delay in filing the motion appears to be a calculated attempt to use the judicial process to obtain the very relief they seek, i.e., staying all technical discovery at least until after IPValue serves infringement contentions. Accordingly, concurrent with this

---

JVS-DFM, the Central District was poised to grant the plaintiff's § 285 motion for attorney fees based on this "vexatious" conduct, but the parties settled before a final order was entered. *See* Dkt. 43-5 (Tentative Order granting Plaintiff's motion for attorney fees).

IPVALUE'S OPPOSITION TO MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER
CASE NO. 5:25-CV-02389-PCP
4

opposition, IPValue has filed a motion to expedite and have Sandisk/WD's discovery motion decided without a hearing.

### III.     LEGAL STANDARD

"A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)). "The moving party must show a particular and specific need for the protective order," and cannot rely solely on generic or conclusory statements. *Id.* Further, a party seeking a protective order must "show good cause by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

The Patent Local Rules expressly state that "it **shall not** be a ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Local Rules." Patent L.R. 2-5 (emphasis added). The Rule then lists four categories of discovery requests that qualify as exceptions to this general rule prohibiting objections on the ground that they are premature:

(a) Requests seeking to elicit a party's claim construction position;

(b) Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

(c) Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

(d) Requests seeking to elicit from an accused infringer the identification of any advice of counsel, and related documents. *Id.*

As discussed further below, Sandisk/WD have not met their heavy burden to show good cause to stay discovery, including the fact deposition of Dr. Li. Further, their request to stay essentially all fact discovery into the accused products is contrary to the Federal Rules of Civil Procedure and the Patent L.R. 2-5.

## IV. ARGUMENT

### A. The Mere Pendency of a Motion to Dismiss One Counterclaim Is Not a Sufficient Basis to Stay Fact Discovery on All Five Asserted Patents

Sandisk/WD's motion to stay essentially all fact discovery relating to IPValue's infringement counterclaims[3] pending resolution of their motion to dismiss is without merit and should be denied. As aptly explained by one court:

> Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.… Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, this is not such a case.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (cleaned up).

The same reasoning applies here. The mere pendency of a motion to dismiss only one of five counterclaims is not a sufficient basis to stay discovery at all, much less as to all five asserted patents. As explained above and in detail in IPValue's opposition to the motion to dismiss, far from being "utterly frivolous," IPValue's counterclaims contain specific factual allegations, including citations to supporting evidence, that plausibly allege infringement of the '505 patent. Sandisk/WD's motion to dismiss rests on false and misleading characterizations of the alleged facts and the cited evidence, improperly contradicts IPValue's well-plead allegations, which must be taken as true and construed in IPValue's favor, and improperly asks the Court to resolve fact issues in favor of the Sandisk/WD. Accordingly, under controlling precedent, Sandisk/WD's motion to dismiss should be denied.

In any event, the Court need not (and should not) evaluate the merits of the motion to dismiss on a discovery motion. Even assuming, *arguendo*, that the motion to dismiss had some merit (it doesn't), it still would not matter given that Sandisk's complaint seeks a declaratory

---

[3] While the heading for Section III.A of Sandisk/WD's memorandum of points and authorities indicates that the stay is only aimed at discovery on the '505 patent, the relief requested in their notice of motion and the conclusion of the memorandum requests a "stay of discovery as to all patents-in-suit." Mot. at 1, 12.

judgment of non-infringement of the '505 patent. The issue of whether the accused products infringe the '505 patent will remain in this case regardless of whether IPValue's counterclaim is ultimately dismissed, and the requested "stay of discovery as to all patents-in-suit" will accomplish nothing but delay. As Sandisk previously asserted, delaying disclsoures pending a motion to dismiss "wholly ignores the reality that both parties will need to undertake the work for these filings regardless of [the outcome of the motion]," and "[t]here is no reason for further delay." Dkt. 28 at 1.

Sandisk/WD's cited cases do not support the requested stay. *Iqbal* and *Mujica* concerned orders on motions to dismiss and simply stand for the proposition that a plaintiff cannot take discovery to cure claims that have already been deemed deficient. In *Iqbal*, the Court found that the plaintiff's complaint was deficient and declined the plaintiff's "invitation to relax the pleading requirements" in order to allow "minimally intrusive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). The Court explained that "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Id.* at 684–85. Similarly, in *Mujica*, the court denied leave to take discovery and amend claims that had been held deficient on a Rule 12(b)(6) motion. The court denied leave specifically in light of plaintiffs' admission that they would *not* be able to allege claims "with the specificity required by *Iqbal*, absent discovery." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014).

These cases are clearly inapposite, as IPValue is not requesting permission to take discovery in order to supplement claims that have been held deficient. Discovery is open, and there has been no ruling on IPValue's '505 counterclaim. Neither *Iqbal* and *Mujica* support staying discovery before the sufficiency of the claims has even been determined. But even if the Court ultimately grants Sandisk/WD's motion to dismiss, IPValue is still entitled to take discovery in defense of Sandisk's DJ claims, which include the '505 patent.

The district court cases applying *Mujica* and *Iqbal* (none of which are patent cases) are distinguishable for the same reasons, as they concern the propriety of "plausibility discovery" after dismissal under Rule 12(b)(6). In fact, in *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.* No. 17-CV-04992-BLF, 2018 WL 11405618 (N.D. Cal. Oct. 9, 2018), the court rejected

defendants' argument that plaintiffs are not entitled to *any* discovery "unless and until they state claims for relief which satisfy the plausibility standard articulated in *Iqbal* and *Twombly*," and denied their motion for a protective order staying all discovery. *Id.* at *1; *see also Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016) (denying plaintiff's motion to take pre-amendment "plausibility discovery" after complaint was dismissed with leave to amend). *Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*, No. CV 16-00634 JMS-KJM, 2017 WL 11139576 (D. Haw. July 6, 2017), a district of Hawaii case, is also distinguishable because the court entered a discovery stay pending resolution of a motion to compel arbitration, which implicated the court's authority to decide the case. *Id.* at *1. The court decided to continue the stay pending resolution of that motion and the later-filed motions to dismiss because the motions were all "potentially dispositive of all claims in this forum." *Id.* at *4. In contrast, Sandisk/WD's motion will at best dispose of one counterclaim on one patent—and still would not resolve the central issue of infringement for that patent. Any suggestion that staying discovery is always appropriate upon the filing of a motion to dismiss misapplies *Iqbal* and *Mujica* and is contrary to decisions from this District such as *Monterey Bay*. It is also inconsistent with Rule 26.

The two-part test advocated by Sandisk/WD (Mot. at 7) only further confirms that the requested discovery stay is inappropriate here. The first prong requires that "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Garcia v. Experian Info. Sols., Inc.*, No. 23-CV-04672-BLF, 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024) (staying discovery pending resolution of motion to compel arbitration). Sandisk/WD's requested discovery stay cannot meet this threshold requirement, as their pending motion to dismiss only concerns one of the five asserted counterclaims. And even if granted, the '505 patent will remain in the case via Sandisk's DJ claim. In other words, the pending motion will not resolve *any issue* in this case.

Sandisk/WD's assertion that "dismissal with prejudice will effectively resolve Sandisk's declaratory-judgment claim of non-infringement for [the '505] patent" (Mot. at 7) should be rejected. As explained in IPValue's opposition, none of the *Foman* factors are applicable here, therefore there is no legitimate basis for dismissal without leave to amend, much less *with*

*prejudice*. Sandisk/WD have not identified any prejudice that would result from amendment—the most important consideration. *See Sage Electrochromics, Inc. v. View, Inc.*, No. 12-CV-6441-JST, 2014 WL 1379282, at *1 (N.D. Cal. Apr. 8, 2014). And contrary to Sandisk/WD's assertions, IPValue has not repeatedly failed to cure any deficiencies. IPValue voluntarily amended its complaint *once in the CDCal Action*, as of right, primarily to add Sandisk as a named defendant after the spinoff transaction. IPValue has not amended its counterclaims in this case, and, more importantly, the '505 infringement allegations against Sandisk have never been held deficient. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (this factor concerns "repeated failure to cure deficiencies by amendments previously allowed"). That the counterclaims filed in this case are not literally identical to the FAC filed in the CDCal Action does not amount to a "repeated failure to cure." Sandisk/WD provides no authority to support dismissal without leave to amend and with prejudice under these circumstances.

Sandisk/WD's assertion that "the only discernable reason IPValue has noticed Dr. Li's deposition for September 8, 2025 … is to take plausibility discovery into its infringement counterclaim for the '505 patent" (Mot. at 7) also fails. Dr. Li is the Vice President of Sandisk's Advanced Technology Group, and has relevant, material knowledge regarding the design, development, and/or functionality all of the accused products. This knowledge pertains to all of Sandisk/WD's DJ claims, and all of IPValue's counterclaims—not just those for the '505 patent. Indeed, Sandisk/WD essentially concede that Dr. Li's knowledge is not limited to the '505 claims, hence their broad request to block all discovery into the accused products. *See* Mot. at 8. IPValue is thus entitled to take her deposition regardless of the outcome of the motion to dismiss.

The mere fact that Dr. Li may also have specific knowledge regarding the ISSCC Paper referenced in the '505 counterclaim is not a legitimate basis to delay her deposition—much less stay *all discovery into the accused products*. Discovery has been open for several months now, and Sandisk/WD cannot dictate the order and timing of depositions (save for accommodating witness availability). Nor can Sandisk/WD unilaterally decide to delay a relevant fact deposition merely because the witness might reveal information that undermines their extraordinary request for

dismissal with prejudice—which is effectively what Sandisk has done here by delaying its motion for protective order. Such gamesmanship should not be permitted.

Ultimately, Sandisk/WD have failed to carry their heavy burden to make a strong showing to support a discovery stay. Their generic assertions about the mere possibility of conducting discovery on one counterclaim that could be dismissed does not constitute a "particular and specific need" for the requested stay. *See Gray*, 133 F.R.D. at 40; *see also Intex Recreation Corp. v. Bestway USA, Inc.*, No. LA CV19-08596 JAK (Ex), Dkt. 323 at 3 (C.D. Cal. Sept. 6, 2024).

### B. Sandisk and Western Digital's Broad Request to Stay All Discovery into the Accused Products Is Improper Under Patent L.R. 2-5

Patent L.R. 2-5 is clear: a party cannot refuse to respond to a discovery request on the ground that it is premature in light of the timetable provided in Patent Local Rules, *unless* such request falls under one of the four listed exceptions (requests that seek a claim construction position, infringement contentions, invalidity contentions, or identification of advice of counsel). Discovery regarding the accused products does not fall under any of these exceptions. Accordingly, Sandisk/WD's motion to stay all "discovery into the accused products and technology" pending service of IPValue's infringement contentions runs afoul of Patent L.R. 2-5 and should be denied for this reason alone.

The cases cited by Sandisk/WD do not concern general stays of technical discovery pending service of infringement contentions, but rather are primarily directed to the sufficiency of the plaintiff's contentions. *Bender v. Maxim Integrated Prods., Inc.*, No. C09-01152 SI, 2010 WL 1135762, at *3 (N.D. Cal. Mar. 22, 2010) (granting motion to compel infringement contentions that comply with Patent Local Rule 3-1). At best, those cases hold that a plaintiff cannot compel further discovery where its contentions are "plainly deficient." For example, in *Technology Properties*, the plaintiff served contentions accusing over 1,200 products for the three patents-in-suit, and which consisted only of a "short cover pleading" and one claim chart for each patent. *Tech. Props. Ltd. LLC v. Samsung Elecs. Co.*, 114 F. Supp. 3d 842, 846 (N.D. Cal. 2015). In addition, the contentions "improperly accuse[d] instrumentalities that could not possibly infringe" because they were never made, sold, used or imported in the United States or they were released after the expiration of the

IPVALUE'S OPPOSITION TO MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER
CASE NO. 5:25-CV-02389-PCP

10

1  patents. *Id.* at 844, 851. Because plaintiffs' contentions were "plainly deficient," the court ordered them to amend their contentions to comply with Patent L.R. 3-1, and denied their motion to compel defendants to produce discovery "arising from those contentions." *Id.*; *see also Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW KAW, 2013 WL 633406, at *5 (N.D. Cal. Feb. 20, 2013) (finding plaintiff's infringement contentions deficient given that it had access to defendant's source code and ordering plaintiff to amend, and also denying plaintiff's motion to compel supplemental interrogatory responses and further source code discovery).

These cases do not support staying all discovery into the accused products pending service of infringement contentions. And regardless, to the extent these decisions conflict with Patent L.R. 2-5, they should not apply here. Had the Patent Local Rules contemplated staying all technical discovery until service of infringement contentions, they would have included this as one of the exceptions under Patent L.R. 2-5. *See Synopsys, Inc. v. Avatar Integrated Sys., Inc.*, No. 20-cv-04151-WHO (LB), Dkt. 63 (N.D. Cal. Dec. 30, 2020) (denying motion to stay discovery until alleged deficiencies in plaintiff's infringement contentions are corrected); *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00359 WHA, Dkt. 104 (N.D. Cal. May 30, 2018) (denying motions for partial stay of discovery and protective order against such discovery until plaintiff served infringement contentions). Sandisk/WD's assertion that "parties are always required to hold a Rule 26(f) conference in advance of the initial [CMC]," and therefore "it is always the case that 'discovery is open' when the disclosures under the Patent Local Rules come due" (Mot. at 10) only proves this point. Certainly the Patent Local Rules would have considered these standard deadlines and procedures in formulating the discovery exceptions under Patent L.R. 2-5.

Sandisk/WD's request to block all technical discovery is particularly improper given that they seek declaratory judgments of non-infringement for the five asserted patents. Sandisk attempts to get around this critical fact by citing Patent L.R. 3-5 and arguing that that filing this case as a DJ action "does not impact how the Patent Local Rules operate." Mot. at 10. This is nonsensical. IPValue is not attempting to avoid compliance with any portion of the Patent Local Rules, and fully intends on complying with Patent L.R. 3-1 and 3-2 under the schedule set by the Court. It is

*Sandisk/WD* that are attempting to avoid compliance with their discovery obligations and Patent L.R. 2-5.

Furthermore, granting the requested stay "until after IPValue serves infringement contentions that are compliant with Patent Local Rule 3-1" (Mot. at 10) would likely open the door for Sandisk/WD to indefinitely withhold highly relevant technical discovery simply by challenging the sufficiency of IPValue's forthcoming contentions. Sandisk/WD will likely take the position that they do not have to produce technical discovery until the Court has issued a ruling that they are compliant with Patent L.R. 3-1, which would likely take multiple rounds of meeting and conferring and motion practice. Indeed, footnote 6 on page 12 of Sandisk/WD's brief indicates that this is a near certainty. Sandisk/WD claim that if the Court grants their motion to dismiss with leave to amend, IPValue should then have to file a *separate motion for leave to amend with their proposed amendments*, which Sandisk/WD can then oppose. Sandisk/WD will likely attempt to engage a similar strategy of forcing multiple rounds of wasteful motion practice regarding IPValue's infringement contentions in order to delay discovery as long as possible. The Court should not allow this abuse of the judicial process.

Sandisk/WD's bald assertion that "IPValue's Counterclaims broadly accuse entire categories of products" (Mot. at 9) fails for multiple reasons. As an initial matter, Sandisk asserts the same definition of the accused products in its own complaint. *See* Dkt. 1 at 11 (demanding a "judgment and declaration that Sandisk has not infringed and does not infringe … by Sandisk making, using, offering to sell, or selling … the SSDs, OptiNAND HDDs, USB Flash Drives, Embedded Flash, and Memory Cards containing 3D NAND flash memory, and all versions and variations thereof"). In addition, Sandisk/WD have failed to explain how this definition is overbroad. If Sandisk/WD truly believed that that IPValue's definition of the accused products in the counterclaims was insufficient to provide notice of what is being accused, they should have raised this as a ground in their motion to dismiss. They did not do so, and cannot now use this as a basis to withhold discovery.

Sandisk/WD's vague, generic assertion regarding "the burden, expense, inefficiency, and prejudice that Sandisk would suffer if Dr. Li is forced to sit for a technical deposition before any

infringement contentions are served" (Mot. at 9) is also insufficient to support a stay of all technical discovery into the accused products. IPValue is simply taking a fact deposition regarding Dr. Li's current knowledge as a senior employee of Sandisk. She does not need to be prepared on IPValue's infringement theories because as a fact witness, she need only testify truthfully about Sandisk's products.

Finally, Sandisk/WD's reliance on IPValue's legitimate objections to Sandisk's premature contention interrogatories as a basis to stay all technical discovery on the accused products also fails. Sandisk's first set of interrogatories to IPValue sought detailed infringement contentions with the "specificity required by Patent Local Rule 3-1(b)," and therefore IPValue's objection was proper under Patent L.R. 2-5(b). As to the interrogatories served on LFMS, LFMS is in the process of gathering documents sufficient to show its corporate structure in response to Interrogatory No. 1. LFMS properly objected to Interrogatory No. 2 seeking a "description of the complete ownership history of the Patents-in-Suit" as premature because this request seeks documentation required by Patent L.R. 3-2(d). LFMS will produce documents responsive to this interrogatory in accordance with the Court's Case Management Order, which sets the deadline for September 30. Sandisk/WD can point to no specific Court-ordered deadline that covers production of all technical discovery.

### C. Sandisk and WD Have Failed to Show Good Cause to Stay Dr. Li's Properly-Noticed Deposition and Further Amend the Court's Case Management Order

Sandisk/WD's motion for a protective order postponing Dr. Li's properly-noticed deposition under Rule 30(b)(1) until after the pending motion to dismiss is resolved and IPValue serves its infringement contentions fails for reasons discussed above. There is no legitimate basis to stay technical fact discovery into the accused products. The requested stay and protective order is inconsistent with the Federal Rules and the Patent Local Rules, and is especially improper in light of Sandisk's DJ claims. In addition, Sandisk has not met its burden to show particular and specific need for the protective order.

Sandisk/WD's assertion that they "will be prejudiced because IPValue will use the deposition for an improper purpose: namely, to take 'plausibility discovery'" (Mot. at 11) is without merit. As discussed above, it is undisputed that Dr. Li has knowledge relevant to the accused

products for all five of IPValue's patent infringement claims—not just the '505 patent. This knowledge is also relevant to Sandisk's own DJ claims—which include a declaratory judgment of non-infringement on the '505 patent. Sandisk/WD have no evidence to support their assertion that IPValue only intends to take "plausibility discovery" other than the fact that a motion to dismiss is pending. Further, the mere act of taking relevant discovery, even if some of it incidentally relates to plausibility, does not constitute prejudice. Sandisk/WD have no absolute right to block the potential discovery of evidence that might undermine their arguments.

Sandisk's assertion that "it will be unable to properly prepare Dr. Li for her deposition" without IPValue's infringement contentions (*id.*) also fails. There is no need to "prepare" the witness on IPValue's theories to provide fact testimony as an employee of Sandisk. These arguments suggest that Sandisk/WD intend to improperly manipulate or coerce alteration of Dr. Li's testimony in light of contentions in the case.

Sandisk/WD's assertion that they are "only seeking a short postponement of Dr. Li's deposition" until September 30 (*id.*) is disingenuous. Sandisk/WD also seek a stay of all technical discovery, including the deposition of Dr. Li, until resolution of the pending motion to dismiss and any subsequent challenges to any amendments filed by IPValue (*see id.* at 12 n.6[4]). Further, as discussed above, Sandisk/WD will likely take the position that discovery should be stayed pending final resolution of any disputes regarding the sufficiency of IPValue's forthcoming infringement contentions and amendments thereto. *See id.* at 10. This entire process could take several months, which would substantially prejudice IPValue's own counterclaims as well as its defense of the DJ claims. Indeed, there is little if any discovery that IPValue needs that would not fall under "discovery into the accused products and technology."

Finally, Sandisk/WD's request to modify the case schedule to delay patent disclosures for the '505 patent (Mot. at 11–12) is moot. The Court's Case Management Order defers the deadline

---

[4] Sandisk/WD's assertion that if the Court grants the motion to dismiss with leave to amend, IPValue must then file a separate motion for leave to amend (Mot. at 12 n.6), is frankly absurd, and clearly aimed at wasting resources and delaying discovery as long as possible.

IPVALUE'S OPPOSITION TO MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER
CASE NO. 5:25-CV-02389-PCP
14

for IPValue's contentions on the '505 patent to a later date "[t]o be ordered by the Court." Dkt. 48. This, however, does not justify deferring all technical discovery, including on the '505 patent.

## V.     CONCLUSION

For the foregoing reasons, Sandisk's motion to dismiss should be denied in its entirety.

Dated: September 9, 2025                Respectfully submitted,

/s/ *Brian Ledahl*
Brian Ledahl (CA SBN 186579)
bledahl@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

***Attorneys for Plaintiffs IPValue Management, Inc. and Longitude Flash Memory Solutions, LLC***

## CERTIFICATE OF SERVICE

I certify that on September 9, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

/s/ *Brian Ledahl*
Brian Ledahl