KEKER, VAN NEST & PETERS LLP
AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
ERIC B. HANSON - # 254570
ehanson@keker.com
STEPHANIE J. GOLDBERG - # 328710
sgoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Plaintiff SANDISK CORPORATION and
Counterclaim-Defendant WESTERN DIGITAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS, LTD.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:25-CV-02389-PCP<br><br>**OPPOSITION TO COUNTERCLAIM PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE RESOLUTION OF COUNTERCLAIM DEFENDANTS' MOTION TO STAY DISCOVERY AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER**<br><br>Date Filed: March 7, 2025 |

## I. INTRODUCTION

Counterclaim-Defendants Sandisk Corporation ("Sandisk") and Western Digital Corporation ("Western Digital") oppose the Administrative Motion filed by Counterclaim-Plaintiffs IPValue Management, Inc. and Longitude Flash Memory Solutions Ltd. (collectively, "IPValue").  *See* ECF No. 52; *see also* Civil L.R. 6-3(b) and 7-11(b).

As explained below, IPValue's Administrative Motion—which seeks to shorten time on a pending Discovery Motion[1]—has already been mooted (in part) by the Court, the hearing date noticed by Sandisk and Western Digital was the earliest date available under this District's Civil Local Rules and the Court's law-and-motion calendar, and IPValue has not identified any "substantial harm or prejudice that would occur" if its Administrative Motion were denied.  *See* Civil L.R. 6-3(a)(3).  By contrast, Sandisk and Western Digital would be highly prejudiced if the Administrative Motion were granted, as IPValue seeks to prevent Counterclaim-Defendants from submitting ***any*** rebuttal (either via a reply brief, which is due in three days, or at oral argument) to the arguments presented in IPValue's opposition to the Discovery Motion.  For these reasons, which are expounded upon below, the Administrative Motion should be denied.

## II. ARGUMENT

IPValue's Administrative Motion asks the Court to: (1) vacate the October 2, 2025 hearing noticed for Sandisk's and Western Digital's Discovery Motion (ECF No. 46); and (2) prohibit Sandisk and Western Digital from submitting any response to the arguments raised by IPValue in its opposition to the Discovery Motion, even though Sandisk's and Western Digital's reply brief for the Discovery Motion will be filed this coming Thursday.  *See* ECF No. 52-2 (IPValue's Proposed Order requesting this relief).  Both requests should be denied.

***First***, the Court has already vacated the October 2, 2025 hearing on the Discovery Motion. ECF No. 53.  As IPValue has already obtained precisely what it asked for in its Administrative

---

[1] This brief refers to Sandisk's and Western Digital's pending Motion to Stay Discovery and to Amend Case Schedule; and for Protective Order (ECF No. 46) as the "Discovery Motion."

1

OPPOSITION TO COUNTERCLAIM PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE
RESOLUTION OF COUNTERCLAIM DEFENDANTS' MOTION TO STAY DISCOVERY AND AMEND CASE
SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093935

Motion and accompanying Proposed Order, this request should be denied as moot.[2]

**Second**, the Administrative Motion fails to show any "substantial harm or prejudice" that would befall IPValue if the Administrative Motion is denied. *See* Civil L.R. 6-3(a)(3) (requiring any motion to shorten time, including requests to expedite the resolution of a noticed motion, to be justified by "substantial harm or prejudice"). Instead, the only reasons IPValue offers in support of its Administrative Motion are: (1) Sandisk and Western Digital purportedly delayed in filing the Discovery Motion and noticing a hearing on October 2, 2025; and (2) a summary rehash of the same arguments IPValue presents in its opposition to the underlying Discovery Motion. *See* ECF No. 52 at 1–2 ("Reasons Supporting the Motion"); *see also* ECF No. 51 (IPValue's opposition to the Discovery Motion). Neither reason comes close to showing "substantial harm or prejudice" to IPValue absent the relief it seeks, particularly when the reply brief that IPValue seeks to prevent Sandisk and Western Digital from filing will be submitted in three days.

Starting with IPValue's assertions of delay, there is no merit to them. IPValue served its Deposition Notice for Dr. Yan Li, a senior Sandisk engineer, on Friday, August 8, 2025. Wong Decl. ¶ 2.[3] The following week, after ascertaining why IPValue was targeting Dr. Li for an early deposition and researching the relevant law, counsel for Sandisk and Western Digital emailed IPValue's attorneys to request a meet and confer (as required by Rule 37-1(a) of the Civil Local Rules) regarding Dr. Li's deposition and the issues raised in the Discovery Motion. *Id.* at ¶ 3. After IPValue's attorneys failed to respond, counsel for Sandisk and Western Digital emailed IPValue's attorneys again on August 19, 2025 to renew the meet-and-confer request. *Id.* at ¶ 4. IPValue's counsel responded the following day and offered two dates for a meet and confer. *Id.* at ¶ 5. Sandisk and Western Digital chose the ***earliest date*** offered by IPValue: August 21, 2025.

---

[2] IPValue's Administrative Motion ignores the Court's referral of part of the Discovery Motion (the request to stay technical discovery pending Patent Local Rule 3-1 disclosures and the request for a Protective Order regarding Dr. Yan Li's deposition) to the Magistrate Judge. ECF No. 47. Magistrate Judge Cousins has already set a discovery hearing on these two issues and has ordered the parties to submit materials in advance of that hearing. *See* ECF No. 49.

[3] Declaration of Ryan Wong in Support of Opposition to Counterclaim Plaintiffs' Administrative Motion to Expedite Resolution of Counterclaim Defendants' Motion to Stay Discovery and Amend Case Schedule, and Motion for Protective Order ("Wong Decl.").

*Id.* To facilitate a productive discussion, Sandisk and Western Digital provided IPValue's counsel with a list of legal authority supporting the relief that is now being sought by Counterclaim-Defendants in the Discovery Motion the day before the meet and confer. *Id.* at ¶ 6.

The meet and confer on August 21, 2025 did not resolve the parties' dispute over Dr. Li's deposition and the request to stay technical discovery, nor were any issues narrowed. *Id.* at ¶ 7. Following the meet and confer, counsel for Sandisk and Western Digital promptly drafted the Discovery Motion and supporting papers, and filed them within a week (on August 28, 2025), selecting the ***earliest hearing date*** possible under the Civil Local Rules and the Court's law-and-motion calendar, which was October 2, 2025. *Id.* at ¶ 8; *see also* Civil L.R. 7-2(a) (setting forth the 35-day rule for noticing a hearing on a motion). Notably, even if Sandisk and Western Digital had drafted the Discovery Motion in one day and filed it the day after meeting and conferring, the earliest hearing date noticeable would have still been October 2, 2025 under the Civil Local Rules and this Court's law-and-motion calendar.[4] *See* Wong Decl. at ¶ 9; Civil L.R. 7-2(a).

Given this history (which IPValue's Administrative Motion omits), IPValue's assertion that Sandisk and Western Digital improperly delayed in filing the Discovery Motion has no basis in fact. And IPValue's suggestion that Sandisk and Western Digital somehow cherry-picked the October 2, 2025 hearing date for strategic reasons is belied by the minimum 35-day requirement under the Civil Local Rules for noticing hearings, the Court's law-and-motion calendar, and math. In any event, there is nothing about the history underlying the Discovery Motion that establishes any "harm or prejudice" to IPValue (let alone substantial harm or prejudice) if a reply brief and, if necessary, oral argument are permitted for the Discovery Motion.

The only other reason offered by IPValue in support of its Administrative Motion is that "there is no basis for staying technical discovery in this case." *See* ECF No. 52 at 2 (citing to and

---

[4] Moreover, the Court is unavailable to hear civil motions on September 25, 2025. *See* https://apps.cand.uscourts.gov/CEO/cfd.aspx?B410#Notes (showing a Certificate of Unavailability for "September 24-26, 2025"). Therefore, even if Sandisk and Western Digital had filed the Discovery Motion on the same day as the meet and confer, or even one week after receiving Dr. Li's deposition notice (i.e., on September 15, 2025), the earliest noticeable hearing date would be October 2, 2025.

3
OPPOSITION TO COUNTERCLAIM PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE
RESOLUTION OF COUNTERCLAIM DEFENDANTS' MOTION TO STAY DISCOVERY AND AMEND CASE
SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093935

summarizing the arguments made by IPValue in its opposition to the Discovery Motion). But that is nothing more than a passing reference to the various merits arguments IPValue has already made in its opposition brief to the Discovery Motion. Those arguments do not establish that any "substantial harm or prejudice" will befall IPValue if Sandisk and Western Digital are permitted to file a reply brief three days from now. *See* Civil L.R. 6-3(a)(3). And, as explained in the Discovery Motion, there is good cause—supported by substantial legal authority—to briefly stay technical discovery until the pending Motion to Dismiss is resolved, and compliant infringement contentions have been served. *See* ECF No. 46.

Finally, if the Administrative Motion is granted and Sandisk and Western Digital are barred from responding to the arguments made by IPValue in its opposition to the Discovery Motion, Sandisk and Western Digital will be substantially harmed and prejudiced because of the misstatements of law and fact in IPValue's opposition brief that will stand uncorrected. As just one example, IPValue repeatedly argues in its opposition to the Discovery Motion that technical discovery will proceed on U.S. Patent No. 6,963,505 ("the '505 patent") even if the Court grants the pending motion to dismiss IPValue's infringement counterclaim for the '505 patent. *See* ECF No. 51 at 7–8. According to IPValue, this is because Sandisk filed a claim for declaratory judgment of non-infringement for the '505 patent, which will persist even if the mirror-image infringement counterclaim is dismissed with prejudice. *See id.*

This assertion by IPValue—which lacks any citation to legal authority—is **wrong**. As Sandisk and Western Digital will make clear in their forthcoming reply brief, a trial court in this District recently held in *QuickLogic Corporation v. Konda Technologies, Inc.* that a declaratory-judgment claim of non-infringement is rendered moot if the mirror-image counterclaim for infringement is dismissed with prejudice under Rule 12. *See* 2023 WL 5182598, at *4-5 (N.D. Cal. Aug. 11, 2023) (Davila, J.). Therefore, if the Court grants the pending motion to dismiss IPValue's infringement counterclaim for the '505 patent without leave to amend, the declaratory-judgment claim for non-infringement will be rendered moot, and no discovery for the '505 patent will proceed in this case. *See id.* Sandisk and Western Digital should be permitted to make this

4

OPPOSITION TO COUNTERCLAIM PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE
RESOLUTION OF COUNTERCLAIM DEFENDANTS' MOTION TO STAY DISCOVERY AND AMEND CASE
SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093935

and other rebuttal points in the reply brief for the Discovery Motion that will be on file in three days. And the Court—not IPValue—should determine whether a hearing is necessary for any of these disputed issues.

### III.  CONCLUSION

For all of the foregoing reasons, the Court should deny IPValue's Administrative Motion and permit Sandisk and Western Digital to file a reply brief on September 18, 2025, in support of the pending Discovery Motion. The Court should also deny, as moot, IPValue's request to vacate the October 2, 2025, as the Court has already vacated that hearing date and has referred certain discovery matters to Magistrate Judge Cousins for resolution.

Dated: September 15, 2025

KEKER, VAN NEST & PETERS LLP

By: *s/Ryan K. Wong*
AJAY S. KRISHNAN
RYAN K. WONG
ERIN E. MEYER
ERIC B. HANSON
STEPHANIE J. GOLDBERG

Attorneys for Plaintiff SANDISK CORPORATION and Counterclaim-Defendant WESTERN DIGITAL CORPORATION