KEKER, VAN NEST & PETERS LLP
AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
ERIC B. HANSON - # 254570
ehanson@keker.com
STEPHANIE J. GOLDBERG - # 328710
sgoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff SANDISK CORPORATION and
Counterclaim-Defendant WESTERN DIGITAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS, LTD.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 5:25-CV-02389-PCP<br><br>**REPLY IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO STAY DISCOVERY AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER**<br><br>Date:   October 2, 2025<br>Time:  10:00 a.m.<br>Ctrm:   8<br>Judge: Hon. P. Casey Pitts<br><br>Date Filed:  March 7, 2025 |

REPLY IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO STAY DISCOVERY
AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093952

## I. INTRODUCTION[1]

IPValue's opposition only underscores why a brief stay of technical discovery is warranted. Immediately after Sandisk and Western Digital filed a Rule 12(b)(6) motion to dismiss IPValue's deficient counterclaim for infringement of U.S. Patent No. 6,963,505 ("the '505 patent"), IPValue sought technical discovery from Sandisk to try to cure those pleading defects—the very "plausibility discovery" the Supreme Court and Ninth Circuit forbid. And IPValue insists on taking broad technical discovery into all Sandisk products and technologies before it serves any infringement contentions disclosing the specific patent claims it is asserting, the accused products for each asserted claim, and charts identifying specifically where and how each claim limitation is purportedly found within each product. *See* Patent L.R. 3-1.

The law, however, is clear that pleadings ***must*** stand or fall on their own, without the aid of discovery. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79; 686 (2009). Here, IPValue's opposition all but confirms that the early technical discovery it seeks from Dr. Yan Li, a senior Sandisk engineer, is aimed at eliciting "information that undermines" the pending Rule 12(b)(6) motion, which is precisely what *Mujica* and *Iqbal* forbid. *See* Opp. at 1. As to IPValue's efforts to take broad pre-contentions discovery, courts in this District "generally do not order defendants to proceed with discovery in patent cases until the [patentee] provides infringement contentions[.]" *See, e.g.*, *Digital Reg of Tex., LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW (KAW), 2013 WL 633406, *5 (N.D. Cal. Feb. 20, 2013). Nothing in IPValue's opposition warrants departing from this general and efficient approach to discovery, particularly given that IPValue's infringement contentions are due ***in twelve days***, and IPValue itself has refused to engage in discovery until contentions have been served.

Finally, IPValue's opposition repeatedly misstates the law while baselessly accusing Sandisk and Western Digital of gamesmanship and delay (omitting critical facts in the process). This brief corrects the record on both fronts. For all the reasons stated below and in the opening

---

[1] In this brief, "IPValue" refers collectively to Counterclaim-Plaintiffs IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd. Counterclaim-Defendants Sandisk Corporation and Western Digital Corporation are referred to herein as "Sandisk" and "Western Digital."

1

REPLY IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO STAY DISCOVERY
AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093952

brief, the Court should grant a momentary stay of technical discovery (including a protective order for Dr. Li's deposition) until the pleadings are resolved and compliant infringement contentions under the Patent Local Rules have been served.

## II.   RECENT ORDERS

Several orders relevant to this motion were issued after the opening brief was filed:

- The Court reserved for itself "the requests to stay discovery and to amend the case schedule pending resolution of plaintiff's motion to dismiss" and referred to the Magistrate Judge "the requests for a stay of technical discovery pending defendants' service of compliant infringement contentions under Patent Local Rule 3-1 and for a protective order."  ECF No. 47.

- The Court issued a Case Management Order, which appears to have granted (and therefore resolved) this motion's request to amend the case schedule with respect to the '505 patent pending resolution of the motion to dismiss.  See ECF No. 48.

- The Court vacated the October 2, 2025 hearing date that was noticed for this motion, taking the motion under submission without oral argument and informing the parties that a further order would issue on the motion.  ECF No. 53.

- The Magistrate Judge set a hearing date of October 1, 2025 for the referred matters, and ordered the parties to submit a joint update and proposed orders by September 29, 2025.  ECF No. 49.

The motion to dismiss (ECF No. 40) remains pending as of the filing of this reply brief.

## III.   ARGUMENT

Three issues remain for this Court and the Magistrate Judge to resolve: (1) should discovery be stayed, at least as to the '505 patent, pending resolution of the motion to dismiss IPValue's infringement counterclaim for the '505 patent; (2) should technical discovery be stayed pending IPValue's service of compliant infringement contentions under Patent Local Rule 3-1; and (3) should Dr. Li's deposition be postponed until the motion to dismiss is resolved, and compliant infringement contentions have been served.  The answer to each question is "yes."

2
REPLY IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO STAY DISCOVERY
AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093952

### A. IPValue cannot take "plausibility discovery" while the motion to dismiss its infringement counterclaim for the '505 patent is pending.

The Supreme Court, the Ninth Circuit, and multiple trial courts within the Ninth Circuit and this District have held "that plaintiffs must satisfy the pleading requirements of Rule 8 **before** the discovery stage, not after it." *Mujica*, 771 F.3d at 593 (citing *Iqbal*, 556 U.S. at 678–79) (emphasis in original); *see also* ECF No. 46 ("Mot.") at 5–7 (collecting cases). Consistent with this precedent, trial courts in this District "prohibit plausibility discovery which would be barred by *Iqbal* and *Mujica*," *see Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 17-cv-04992-BLF, 2018 WL 11405618, at *3 (N.D. Cal. Oct. 9, 2018), and instead "first determine" whether a plausible claim has been, or can be, pleaded "before discovery will proceed." *See Braun v. Yahoo*, No. 17-cv-06294-SVK, 2018 WL 10809622, at *4 (N.D. Cal. Mar. 28, 2018).

IPValue has no credible response to this binding authority. Indeed, the **only** legal citation IPValue offers in support of its opposition on this issue is to *Gray v. First Winthrop Corp.*, a trial court decision that issued two decades before *Iqbal* and nearly a quarter century before *Mujica*. *See* Opp. at 6 (citing and prominently quoting from *Gray*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Whatever persuasive value *Gray* held in the 1990s regarding the appropriateness of plausibility discovery, it has long been overruled by the Supreme Court and the Ninth Circuit. IPValue's inability to find even a single case supporting its position in the post-*Iqbal* and post-*Mujica* era only confirms that its attempt to take plausibility discovery on the '505 patent is impermissible.

IPValue's remaining arguments are equally meritless. *First*, IPValue argues that its other patent-infringement counterclaims (beyond the '505 patent) justify the broad technical discovery it seeks, including an early deposition of Dr. Li. *See* Opp. at 1, 6–7. But critically, IPValue never affirms to the Court that it will forego "plausibility discovery" into its '505 patent counterclaim and **limit** discovery (including its questioning of Dr. Li) to technical issues specific to the other patents-in-suit, because IPValue has no intention of doing so. To the contrary, IPValue envisions that its deposition of Dr. Li would "reveal information that undermines" the pending motion to dismiss involving the '505 patent and argues that this would be a proper use of discovery. *See id.*

3
REPLY IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO STAY DISCOVERY
AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093952

at 1, 9–10.[2] That, however, is exactly the type of "plausibility discovery" disallowed by *Iqbal* and *Mujica*. *See Mujica*, 771 F.3d at 593 n.7; *Iqbal*, 556 U.S. at 678–79, 686.

*Second*, IPValue argues that the prohibition on plausibility discovery under *Iqbal* and *Mujica* only applies to "claims that have already been deemed deficient" by the trial court (*i.e.*, only after the Court has granted a Rule 12(b)(6) motion). *See* Opp. at 7. But if that were the rule (it is not), all plaintiffs would immediately seek expedited discovery the moment a Rule 12(b)(6) motion is filed (and before the court rules on it), transforming every weak claim into a blank check for "plausibility discovery." That is precisely what *Iqbal* sought to prevent. Instead, *Iqbal* and *Mujica* set forth a clear sequencing of events: Rule 8 must be met to "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79; *see also Mujica*, 771 F.3d at 593. Here, Sandisk and Western Digital have challenged IPValue's infringement counterclaim for the '505 patent as failing to meet the pleading standards of Rule 8. Until that issue is decided, plausibility discovery for that counterclaim is not allowed.

Finally, IPValue repeatedly argues, without any legal support, that "even if the Court ultimately grants [the] motion to dismiss, IPValue is still entitled to take discovery in defense of Sandisk's DJ claims, which include the '505 patent." *See* Opp. at 1, 7, 8. IPValue is wrong. If the Court grants the pending Rule 12(b)(6) motion and dismisses the '505 patent-infringement counterclaim without leave to amend (*i.e.*, with prejudice), Sandisk's claim for declaratory judgment of non-infringement for the '505 patent will be rendered moot and dismissed. *See QuickLogic Corp. v. Konda Techs., Inc.*, No. 5:21-cv-04657-EJD, 2023 WL 5182598, at *4–5 (N.D. Cal. Aug. 11, 2023); *see also Westhoff Vertriebsges mbH v. Berg*, No. 22-cv-0938-BAS-SBC, 2023 WL 5811843, at *5, 16 (S.D. Cal. Sept. 6, 2023). In *QuickLogic*, Judge Davila dealt with this exact situation—namely, what happens to a claim for declaratory judgment of patent

---

[2] As explained in the opening brief, Dr. Li served as the associate chair of the conference session where the two-page paper underlying IPValue's deficient '505 patent-infringement assertions was presented. Mot. at 7–8. That is the only reason why IPValue singled out Dr. Li—and nobody else—for an early deposition. Indeed, while IPValue argues that Dr. Li has relevant knowledge of the accused products and technologies, she was not identified in any of the parties' Rule 26(a) initial disclosures as a person having such knowledge. Declaration of Ryan Wong in Support of Reply in Support of Counterclaim-Defendants' Motion to Stay Discovery and Amend Case Schedule, and Motion for Protective Order ("Wong Decl."), ¶ 2.

4
REPLY IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO STAY DISCOVERY AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093952

non-infringement when the "mirror image" infringement counterclaim has been dismissed with prejudice under Rule 12(b)(6) and Rule 8. 2023 WL 5182598, at *4–5. Judge Davila concluded that no "actual controversy" remained to sustain jurisdiction under the Declaratory Judgment Act once the infringement counterclaim had been dismissed and granted a Rule 12(c) motion to dismiss the declaratory-judgment non-infringement claim as moot. *Id.*

The same result would follow here. If the Court grants the pending motion to dismiss, the declaratory-judgment non-infringement claim for the '505 patent will be dismissed as moot shortly thereafter, and no discovery on that patent will be taken. The *QuickLogic* case therefore confirms that the two-part test to justify a stay of discovery when a dispositive motion is pending (*see* Mot. at 7) has been met, as (1) the pending motion to dismiss would be dispositive on discovery related to the '505 patent; and (2) the pending motion to dismiss, under *Iqbal* and *Mujica*, must be resolved without discovery. *See Garcia v. Experian Info. Sols., Inc.*, No. 23-cv-04672-BLF, 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024).

For all these reasons, the Court should grant Sandisk's and Western Digital's request to stay discovery into the '505 patent, including the deposition of Dr. Li, until the pleadings for the '505 patent-infringement counterclaim have been resolved.

**B.  A stay of technical discovery until IPValue serves its infringement contentions is consistent with this District's general practices, and appropriate given that those contentions are due in less than two weeks.**

Courts in this District generally do not order accused infringers to provide discovery into their products and technology until ***after*** infringement contentions compliant with Patent Local Rule 3-1 have been served. *Digital Reg of Tex.,* 2013 WL 633406, *5; *see also Bender v. Maxim Integrated Prods., Inc.*, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (explaining the reasons for delaying discovery until compliant infringement contentions are served); *Tech. Props. Ltd. LLC v. Samsung Elecs. Co.*, 114 F. Supp. 3d 842, 852 (N.D. Cal. 2015) (applying this rule). With a Case Management Order entered, *see* ECF No. 48, IPValue's infringement contentions for at least some of the patents-in-suit will be due on September 30, 2025. Therefore, assuming IPValue serves contentions that comply with the Patent Local Rules on that date, the stay of technical discovery that Sandisk and Western Digital seek (based on the service of compliant

5
REPLY IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO STAY DISCOVERY
AND AMEND CASE SCHEDULE, AND MOTION FOR PROTECTIVE ORDER
Case No. 5:25-CV-02389-PCP

3093952

1  infringement contentions) is a brief one.

2  IPValue's opposition focuses almost entirely on Patent Local Rule 2-5, which describes the relationship between the Patent Local Rules and the Federal Rules of Civil Procedure, and describes, among other things, permissible grounds for objecting to an opposing party's discovery requests. *See* Patent L.R. 2-5; Opp. at 10–13. According to IPValue, Sandisk's and Western Digital's motion to stay technical discovery until compliant infringement contentions have been served "runs afoul of Patent L.R. 2-5 and should be denied for this reason alone." Opp. at 10.

IPValue's reading of Patent Local Rule 2-5 is wrong for several reasons. *First*, while Rule 2-5 addresses permissible "ground[s] for objecting to an opposing party's discovery request … or declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1)" in view of Patent Local Rule contentions deadlines, Sandisk and Western Digital are not merely objecting to discovery or resorting to self-help. Instead, Sandisk and Western Digital have sought relief from the Court by filing this motion to stay discovery and seeking a Protective Order with respect to Dr. Li's deposition. Nothing in Patent Local Rule 2-5 bars a party from filing such a motion and requesting such relief.

*Second*, Patent Local Rule 2-5 expressly permits parties to raise "other legitimate objection[s]" to discovery. Here, Sandisk's and Western Digital's request to stay technical discovery into the accused products and technologies pending compliant infringement contentions is supported by numerous trial court decisions from this District. *See* Mot. at 8–10 (citing and discussing *Digital Reg of Tex.*, *Bender*, and *Tech. Props.*). Those decisions supply a "legitimate objection" to IPValue's attempt to obtain early technical discovery from Sandisk, including the deposition of Dr. Li. This is underscored by the fact that Patent Local Rule 2-5 existed in largely the same form as it exists today when each of those trial court decisions issued (the only change

//
//
//
//
//

to the Rule since then was the addition of "damages positions" to Rule 2-5(a)).[3]

In sum, the trial courts in *Digital Reg of Tex.*, *Bender*, and *Tech. Props.* were surely aware of Patent Local Rule 2-5 when they issued their decisions. They nevertheless concluded that "[C]ourts in this district generally do not order defendants to proceed with discovery in patent cases" until compliant infringement contentions have been served, and found no conflict between that approach and Patent Local Rule 2-5. *See Tech Props.*, 114 F. Supp. 3d. at 852. This Court should conclude the same, particularly in view of the imminent September 30, 2025 deadline for Patent Local Rule 3-1 disclosures and IPValue's own positions it has taken on discovery[4], and grant the relief sought by Sandisk and Western Digital.

    **C.**    **The Court should grant the Protective Order requested by Sandisk and postpone Dr. Li's deposition until the pleadings are settled, and compliant infringement contentions have been served.**

Dr. Li's deposition should be postponed for good cause, and the Court should grant the Protective Order requested by Sandisk, for all the reasons stated above and in Sandisk's and Western Digital's opening brief.

All IPValue can muster in its efforts to negate good cause are scurrilous accusations that Sandisk and Western Digital "intend to improperly manipulate or coerce alteration of Dr. Li's testimony in light of contentions in the case" and that Sandisk is being "disingenuous" about the length of the stay it seeks. *See* Opp. at 14. These unsupported aspersions are similar in tenor to IPValue's false assertions, made in an administrative motion filed simultaneously with its

---

[3] Rule 2-5 has been part of the Patent Local Rules since they were released in 2000. *See* https://www.law.berkeley.edu/files/bclt_Ware_and_Davy_-_History_of_ND_Cal_PLRs.pdf. A copy of the December 1, 2009 version of the Patent Local Rules, which were the rules in effect when *Digital Reg of Tex.*, *Bender*, and *Tech. Props.* issued, can be found at the following website: https://www.law.berkeley.edu/files/Appendix_D.pdf. And a copy of the January 17, 2017 revision to the Patent Local Rules is available on the Northern District of California's website: https://www.cand.uscourts.gov/filelibrary/177/Patent_Local_Rules_1-2017.pdf. The addition of "damages positions" to Patent Local Rule 2-5(a) was made in 2017.

[4] As explained in the opening brief, IPValue itself has refused to engage in discovery until "the parties have exchange infringement contentions." Mot. at 4. On September 10, 2025, both IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd. served untimely objections to document requests (more than a month after they were due) and again objected to providing discovery (or even meeting and conferring) until "after infringement contentions are exchanged." Wong Decl., ¶ 3. The discovery stay requested by Sandisk is therefore consistent with IPValue's own positions on pre-contentions discovery.

opposition, that Sandisk and Western Digital intentionally delayed in seeking relief from the Court and noticed a hearing date on October 2, 2025 (now vacated) specifically because it fell after the September 30, 2025 deadline for infringement contentions. *See* ECF No. 52 at 1–2.[5]

The Court should reject these ad hominem attacks. IPValue has no basis to question the ethics and integrity of counsel for Sandisk and Western Digital in preparing fact witnesses for their depositions, nor are such insinuations proper in this District. *See* N.D. Cal. Guidelines for Professional Conduct at ¶ 7 (barring counsel from "denigrating the … ethics, morals, [or] integrity" of opposing counsel in writings to the court). And there is nothing "disingenuous" about the scope of relief that Sandisk and Western Digital have sought by this motion, which finds full support in the caselaw cited herein and in the opening brief.

Finally, as Sandisk and Western Digital clearly explained in their opposition to IPValue's administrative motion, there was no delay in filing this motion and noticing the earliest hearing date possible given that Civil Local Rule 7-2(a) requires a minimum 35-day notice period for a hearing, and the Court was not available on September 25, 2025 to hear civil motions (based on a Certificate of Unavailability posted under the Scheduling Notes on the Court's online Calendar). *See* ECF No. 57. The originally noticed October 2, 2025 hearing date was the earliest possible under those circumstances.

The Court should therefore reject IPValue's claims of gamesmanship, and grant the relief sought by Sandisk and Western Digital in this motion.

## IV.     CONCLUSION

For the reasons stated above and in Sandisk's and Western Digital's opening brief, the Court should stay discovery with respect to the '505 patent until the dispute over IPValue's infringement counterclaim for that patent has been resolved. Additionally, the Court should stay all technical discovery for the patents-in-suit until compliant infringement contentions have been

---

[5] IPValue also suggests to the Court that counsel for Sandisk and Western Digital have "a history of misleading the Court by submitting false statements … and withholding infringement evidence" based on a tentative order that was never entered in a different case involving different parties and different defense counsel. *See* Opp. at 3, fn. 2. IPValue also made this questionable argument in response to the pending motion to dismiss. *See* ECF No. 43 at 10–11.

served, and grant the Protective Order requested by Sandisk to postpone the deposition of Dr. Li until after the pleadings are settled, and after IPValue serves compliant Patent Local Rule 3-1 disclosures.

Dated: September 18, 2025                                        KEKER, VAN NEST & PETERS LLP

                                                          By:    /s/Ryan Wong
                                                                 AJAY S. KRISHNAN
                                                                 RYAN WONG
                                                                 ERIN E. MEYER
                                                                 ERIC B. HANSON
                                                                 STEPHANIE J. GOLDBERG

                                                                 Attorneys for Plaintiff SANDISK CORPORATION and Counterclaim-Defendant WESTERN DIGITAL CORPORATION